Ronald LEIGHTON, Appellant,

v.

Karen L. LEIGHTON, Appellee.

No. 2750.

Supreme Court of Alaska.

May 13, 1977.

Robin L. Taylor, Jernberg & Taylor, Ketchikan, for appellant on briefs.

Gail Roy Fraties, Juneau, for appellant, at oral argument.

W. Clark Stump, Stump & Stump, Ketchikan, for appellee.

Before BOOCHEVER, C. J., CONNOR and BURKE, Justices, DIMOND, Justice Pro Tem.

OPINION

CONNOR, Justice.

This is an appeal from an order denying to appellant a change in custody of his minor children.

In an uncontested action at Ketchikan in 1971, Ronald and Karen Leighton were divorced. Karen was awarded custody of their two minor children. Karen and the children later moved to Oregon. Ronald then filed a motion for modification of the decree in respect to custody, asserting that Karen's move created a change in circumstances warranting such modification. By stipulation the parties agreed that Karen would retain primary custody of the children, but that Ronald would have custody for a 60-day period during the summer months.

In March of 1975, Karen, being extremely upset over her brother's death, sent the children to stay with Ronald in Ketchikan. By this time Ronald had remarried. Karen requested Ronald to return the children that summer and, upon his refusal, she sought to have him held in contempt of court. Ronald then filed a motion for modification of the divorce decree.[1]

A guardian ad litem was appointed to represent the interests of the children. Counsel for the parties stipulated to a complete investigation of Karen and Ronald by the appropriate social service agencies in Oregon and Alaska, including a home study and a psychiatric evaluation of each of them.

After reviewing the investigative reports and considering the extensive testimony offered by each party, the superior court denied Ronald's motion, and from this denial Ronald now appeals.[2]

---

1. Ronald was given temporary custody pending a hearing on the motion.

2. From a supreme court justice Ronald obtained a stay of the superior court's order pending appeal. Thereafter an order was entered terminating the stay at the end of the school year, the effect being to return the children to Karen at the end of the school year, but upon motion for reconsideration that order was also stayed. In July of 1976 an order was entered remanding this case to the superior court for a determination of temporary custody pending appeal. That court denied Ronald's motion for temporary custody, thus placing the children with Karen during the remainder of this appeal.

Counsel for appellant has argued forcefully, with copious references to the record, that the trial court should be reversed. We will not, however, recite in this opinion the detailed facts adduced in the trial court proceedings. In our view this case calls merely for the application of settled legal principles to a particular set of facts. An extensive recital and discussion of those facts and the applicable principles would not contribute significantly either to the development of law or to providing guidance to the bench and bar in future cases.

■ After hearing the evidence the trial court concluded that Ronald Leighton had failed to carry his burden of showing that the changed circumstances warranted an alteration of the custody of the children. The court allowed the amended decree to remain in effect, but ordered additionally that the children should be allowed to spend alternate spring vacation periods with Ronald, and that Karen pay the expense of such visitation.

In our review of this case we have compared the record with the memorandum decision of the trial court. We have concluded that the court's findings are adequate and are supported by sufficient evidence. The court did not err in the resolution of any factual issue material to its ultimate decision. *See Horton v. Horton,* 519 P.2d 1131 (Alaska 1974); *Nichols v. Nichols,* 516 P.2d 732 (Alaska 1973); *De-Hart v. Layman,* 536 P.2d 789, 792 (Alaska 1975).

■ In weighing the various factors which should be considered in a custody modification proceeding, the trial court did not, in our opinion, abuse its discretion. In these circumstances we cannot substitute our judgment for that of the superior court.[3]

AFFIRMED.

RABINOWITZ, J., not participating.

3. We find no merit in the contention that the court erred in excluding as evidence an affidavit of one Diane Jones. The affidavit does not fall within any exception to the hearsay rule.