**Lindsay J. BONJOUR, Appellant,**

v.

**Randall Glenn BONJOUR, Appellee.**

**No. 3000.**

Supreme Court of Alaska.

July 22, 1977.

William B. Schendel, Fairbanks, for appellant.

Clem H. Stephenson, Fairbanks, for appellee.

OPINION

Before BOOCHEVER, C. J., RABINOWITZ, CONNOR and BURKE, JJ., and DIMOND, J. Pro Tem.

BOOCHEVER, Chief Justice.

This is an appeal from that portion of a divorce decree awarding the custody of a three and one-half year old boy to his father. Appellant, the mother of the boy, contends that the trial court erred in basing its custody award solely on the fact that she kept her son in a home where she was living with another man.

In the instant case, the trial court entered the following findings of fact and conclusions of law:

### AMENDED FINDINGS OF FACT

. . . . .

#### V

The court . . . finds that plaintiff has had the custody of Joseph Michael Bonjour, the minor son of the parties to this action, who was born November 2, 1972, for most of the time since this divorce suit was filed. That plaintiff has adequately provided for the physical needs of said child during the time she had his custody but that plaintiff has kept said child in a home that was provided by one John Coffman with whom the plaintiff was carrying on an adulterous relationship which continued to the time of the trial of this action.

#### VI

The court further finds that the defendant, Randall Glenn Bonjour, is a suitable and proper person to have the custody of the minor child of the parties.

#### VII

The court finds that it is to the best interests of said minor child at this time to award the custody of said child to the defendant, Randall Glenn Bonjour.

. . . . .

### AMENDED CONCLUSIONS OF LAW

. . . . .

#### IV

The court does not condone the keeping of the minor child of the parties in a home where plaintiff is carrying on an adulterous relationship and concludes that the best interests of the child of the parties is the controlling issue on the question of the custody of said child and that such interests require that the custody of said child be awarded to defendant at this time.

#### V

That the court should retain jurisdiction in this case and conduct a further hearing on the custody of said child in the month of June, 1977, at a time to be later set by the court.

AS 09.55.205 provides that in deciding custody questions, the trial court should be guided by the following considerations:

(1) by what appears to be for the best interests of the child . . . ; [and]

(2) as between parents adversely claiming the custody neither parent is entitled to it as of right.

We have previously observed that "this legislative standard parallels the standard articulated by this court." *Horutz v. Horutz,* 560 P.2d 397, 399 n.8 (Alaska 1977), quoting *Carle v. Carle,* 503 P.2d 1050, 1052 n.4 (Alaska (1972).

■ On appeal, a trial court's resolution of custody issues will be disturbed only if we are convinced that there has been an abuse of discretion or if controlling findings of fact are clearly erroneous.[1]

When called upon to decide whether the trial court abused its discretion in applying the best interests test, we must at times determine whether the trial court assigned "too great a weight to some factors while ignoring others, perhaps by elevating the interests of one of the parties to the dispute above that of the child, perhaps by making a clearly erroneous finding with respect to some material issue." (footnote omitted)[2]

■ The trial court did refer to the "best interests" of the child. The findings, however, rely on the mother's living situation without any indication of adverse effects on

---

1. *Horutz, supra* at 399; *Carle, supra* at 1052.

2. *Horutz, supra* at 399; *Lacy v. Lacy,* 553 P.2d 928, 930 (Alaska 1976); *Horton v. Horton,* 519 P.2d 1131, 1132 (Alaska 1974).

the child. The findings indicate that the mother adequately provided for the physical needs of the child. No mention is made as to whether the other needs of the child, such as the important aspects of love and parental concern that are at the core of the parent-child relationship, were being met. The fact of the mother's adulterous relationship is of importance in a child custody case only as it may affect the best interests of the child. It is in this area that there is a void in the findings. In *Horutz,* under somewhat similar circumstances, we stated:

> For the record is lacking any searching inquiry into Mary and Michael's relative fitness as parents of their minor child. What we find in the record is a great quantum of testimony which concerns conduct of Mary and Michael that is unrelated and lacks relevance to their respective relationships to their minor child, and their ability to accord the child the most meaningful parent-child relationship. More particularly, it strikes us that the trial court might possibly have assigned too great a weight to the respective sexual conduct of the parties without determining what impact such conduct had on the parties' parental relationship to Jason. (footnotes omitted)[3]

■ We note that a transcript of the trial proceedings was not ordered by either party to this appeal. It is primarily the

trial court's function to weigh the evidence for the purpose of making findings, and on appeal, deference must be given to the trial court's decision, particularly because of the trial court's advantage in observing the witnesses. Here, however, the trial court did not make sufficient findings with reference to the parent-child relationship for us to ascertain whether the trial court erred. In the absence of such findings and an indication that the proper standard was applied to them, a more complete record would not assist us unless it indicated extreme conduct affecting the child. Neither party contends that such extreme conduct has occurred which would mandate finding an abuse of discretion, were the trial court to place custody with either side.[4]

During the pendency of this appeal, counsel for Mr. Bonjour requested this court to remand for further decision by the trial court in view of the fact that both parties have remarried since the filing of this appeal. The trial judge independently stated in the Amended Conclusions of Law that jurisdiction would be retained, and that a further hearing on the custody would be held in June 1977. Since we cannot be sure that the court applied the proper standards initially and since the future welfare of the child may be substantially affected by the ultimate decision in this case, we think that it is appropriate to remand to the trial court for a current determination of custody in

---

**3.** *Horutz, supra* at 401. Footnote 15 of *Horutz* states:

> *Compare* § 402 of the Uniform Marriage and Divorce Act which was approved by the National Conference of Commissioners on Uniform State Laws in 1970. Section 402 provides in part:
> The court shall determine custody in accordance with the best interests of the child. The court shall consider all relevant factors including:
>
> .    .    .    .    .
>
> (3) the interaction and interrelationship of the child with his parent or parents, his siblings, and any other person who may significantly affect the child's best interest;
> (4) the child's adjustment in his home, school and community; and the mental and physical health of all individuals involved.
> The court shall not consider conduct of a proposed custodian that does not affect his relationship to the child.

> In regard to the last sentence of § 402, the Commissioner's Note states that the sentence changes the law in those states which continue to use fault notions in custody adjudication. There is no reason to encourage the parties to spy on each other in order to discover marital (most commonly, sexual) misconduct for use in a custody contest. This provision makes it clear that unless a contestant is able to prove that the parent's behavior in fact affects his relationship to the child (a standard which could seldom be met if the parent's behavior has been circumspect or unknown to the child), evidence of such behavior is irrelevant.

**4.** The only contention pertains to Mrs. Bonjour's living with another man and has already been addressed.

accordance with the best interests of the child.

Remanded.

BURKE, J., with whom DIMOND, J. Pro Tem., joins, dissenting.

ERWIN, J., not participating.

BURKE, Justice, with whom DIMOND, Justice Pro Tem., joins, dissenting.

I respectfully dissent.

While it is obvious that the trial court did attach considerable importance to appellant's adulterous conduct, it is equally obvious that the court was fully cognizant of the rule of law requiring it to resolve the custody issue according to the best interests of the child. The court found, as a matter of ultimate fact, that those best interests would be served by awarding the boy's custody to his father.

In order to prevail, appellant is required to show that that finding by the trial court was "clearly erroneous." *Horutz v. Horutz,* 560 P.2d 397 (Alaska 1977); *Sheridan v. Sheridan,* 466 P.2d 821 (Alaska 1970). Although the trial court may, in fact, have assigned undue weight to the evidence of the mother's adulterous relationship, given the sparcity of the record that is before us, I fail to understand how we can say that such is the case or that the trial court otherwise abused its discretion.

The record on appeal does not include a transcript of the proceedings in the court below. Thus, we are unable to determine with certainty what evidence was before the trial court when it made its decision. This inability is attributable to appellant, who, according to her brief, intentionally chose not to designate such transcript as part of the record on appeal "because [she contends that] the issue on appeal is solely a legal one and [that] the parties' pleadings and the court's orders accurately present that issue."

I disagree with appellant's analysis. As I perceive the issue, we are required to determine whether there was clear error in the trial court's finding that the best interests of the boy would be served by awarding his custody to his father. I fail to see how we can properly make that determination without knowing exactly what evidence was before the trial court.

It was appellant's obligation to designate as part of the record on appeal "[a]ll matters essential to the decision of the questions presented." Rule 9(d), Alaska R.App.P. Her failure to fulfill that obligation, in my opinion, compels us to uphold the judgment of the court below.[1] Accordingly, I would affirm.

1. Rule 9(d), Alaska R.App.P. provides, in part:
   [I]f . . . it shall appear that any material part of the record, proceedings and evidence has not been included in the record on appeal, the appeal may be dismissed, or such other order made as the circumstances may appear to the court to require.