**Phyllis K. CHAVRE, Appellant,**

v.

**Daniel N. CHAVRE, Appellee.**

**No. 3349.**

Supreme Court of Alaska.

Aug. 3, 1979.

---

82

Rita T. Allee, Birch Horton, Bittner & Monroe, Fairbanks, for appellant.

Robert C. Blackford, Johnson, Christenson & Glass, Inc., Fairbanks, James H. Cannon, Law Offices of Jonathan H. Link, Fairbanks, for appellee.

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, and MATTHEWS, JJ.

## OPINION

MATTHEWS, Justice.

In this child custody divorce proceeding we have reviewed the trial court's findings

of fact and find the following findings to be clearly erroneous:

Finding XII, that Mrs. Chavre's adulterous relationship caused emotional and physical detriment to the children.

Finding XIII, that Mrs. Chavre has a problem controlling her drinking and that it interferes with her responsibilities toward the children.

Finding XV, that Mrs. Chavre is an unfit parent. The evidence cited to support these findings is both too limited in scope and trivial in effect to overcome the contrary evidence that during the entire lives of the children, except for a short period immediately preceding the divorce, Mrs. Chavre has provided for the day-to-day needs of the children, usually without assistance from Mr. Chavre, and has discharged her duties as a parent with appropriate competence and affection.

Finding XXI, that it is in the best interest of the children that they be placed in the custody of Mr. Chavre is based in part on the foregoing erroneous findings. It therefore must be vacated.

We remand for a determination as to which parent should be granted custody. In reaching this disposition we do not express any view as to what the ultimate outcome should be, only that it should not be based on findings for which there is insufficient evidentiary support. If the trial court finds the existing record inadequate it may reopen the testimony and, in its discretion, it may appoint a guardian ad litem for the children pursuant to AS 09.-65.130. Finally, we recommend to the trial court that in making its ultimate finding it specifically advert to the factors listed as relevant in AS 09.55.205.[1]

VACATED AND REMANDED.

1. AS 09.55.205 provides:

*Judgments for custody.* In an action for divorce or for legal separation the court may, if it has jurisdiction under AS 25.30.020, and is an appropriate forum under AS 25.30.050 and 25.-30.060, during the pendency of the action, or at

the final hearing or at any time thereafter during the minority of any child of the marriage, may, modify or vacate an order for the custody of or visitation with the minor child which may seem necessary or proper. Any appointment of a guardian ad litem for a child shall be made

BURKE, J., not participating.

BOOCHEVER, J., dissenting.

BOOCHEVER, Justice, dissenting.

We have repeatedly stated that on appeal, a trial court's resolution of custody issues will be disturbed only if we are convinced there has been an abuse of discretion or if controlling findings of fact are clearly erroneous.[1] Custody cases present some of the most difficult decisions for trial judges, and often there is no one correct decision clearly preferable to an alternative one. Under those circumstances, stability itself becomes a major concern.[2] Swift determination of custody on the basis of facts presently known to the trial court helps to stabilize the child's environment and build the child's sense of security.[3] As long as litigation continues, the lives of the parents and the children are kept in turmoil. With these considerations in mind, an appellate court must be especially wary of reversing discretionary decisions of the trial judge who has had the opportunity of observing the witnesses and has usually been much closer to the evidence than busy appellate judges scanning a written record.

While, candidly, I have some difficulty with some of the findings in this case, and while I might not as the trier of fact have reached the same result as the trial judge, I believe that there is sufficient evidence to support controlling findings of fact which justify the trial court's resolution of the custody issue.

Particularly, I find that there was sufficient evidence to justify the trial court's finding XIII that plaintiff used alcohol to an excess so that it interfered with her responsibilities toward her children, and finding XII that due to a relationship with another man, she absented herself from the family home and children to the detriment of the children.

It is the relationship of plaintiff's activities to the welfare of the children with which we are concerned, not her relationship with others per se.[4] Here, there was testimony that Mrs. Chavre on numerous nights stayed out until the following morning and came home intoxicated. On a number of occasions, she would not get up to fix breakfast for the four- and eight-year-old children, and the children were upset as a result. Of much greater significance is the fact that she would not return by the time that she had previously indicated to babysitters. The babysitters would then leave a note and go home. The Chavre children, who were sleeping, would be left in the apartment alone until the mother came home much later. Such conduct, which ap-

---

under the terms of AS 09.65.130. The court shall determine custody in accordance with the best interests of the child. Neither parent is entitled to preference as a matter of right in awarding custody of the child. In determining the best interests of the child the court shall consider all relevant factors including:

(1) the physical, emotional, mental, religious and social needs of the child;

(2) the capability and desire of each parent to meet these needs;

(3) the child's preference;

(4) the love and affection existing between the child and each parent;

(5) the length of time the child has lived in a stable, satisfactory environment and the desirability of maintaining continuity;

(6) the desire and ability of each parent to allow an open and loving frequent relationship between the child and his other parent.

1. *Bonjour v. Bonjour*, 566 P.2d 667, 668 (Alaska 1977); *Horutz v. Horutz*, 560 P.2d 397, 399 (Alaska 1977); *Lacy v. Lacy*, 553 P.2d 928,

929–30 (Alaska 1976); *Horton v. Horton*, 519 P.2d 1131, 1132 (Alaska 1974).

2. *See* Gruenberg & Mackey, *A New Direction for Child Custody in Alaska*, 6 U.C.L.A.—Alaska L.Rev. 34, 39 (1976).

3. *See* Gruenberg & Mackey, *supra* note 2, at 38–39, where the authors state:

There may be no utopian alternative at the time a decision must be made. The decision maker must proceed, in all haste, to choose the least detrimental alternative—the best of what is available—and the decision must be final, not to be opened for later occurrences and changes in circumstance. The child's psychological development depends heavily upon his situation again becoming stable.

4. In *Bonjour v. Bonjour*, 566 P.2d 667, 669 (Alaska 1977), we held that a mother's relationship with another man was "of importance in a child custody case only as it may affect the best interests of the child."

parently happened on a number of occasions, is sufficiently detrimental to the welfare of the children as to justify the trial court's decision as to custody where there was evidence supporting the trial court's finding that the other parent could well provide for both the physical and emotional needs of the children.

I would affirm the trial court's decision.