Dona L. **STARKWEATHER**, Appellant,

v.

Ronald C. **CURRITT**, Appellee.

No. 5484.

Supreme Court of Alaska.

Nov. 27, 1981.

W. Clark Stump, Stump & Stump, Ketchikan, for appellant.

No appearance for appellee.

Before RABINOWITZ, C. J., and CONNOR, BURKE, MATTHEWS and COMPTON, JJ.

## OPINION

PER CURIAM.

Dona Starkweather appeals from the superior court's denial of her motion to change custody of two minor children from their father to her.

Starkweather was divorced from Ronald Curritt in January 1975, after two and one-half years of marriage. Starkweather was initially awarded custody of their two daughters, then aged twenty-three and nine months. Curritt did not oppose the divorce complaint.

In December 1975, Starkweather and Curritt stipulated to a modification of the custody decree, giving him custody of the children. The court approved the stipulation. The agreement was Starkweather's response to a state petition to terminate her parental rights. In exchange for the stipulation, the state dropped its petition.

In March 1978, Starkweather filed a motion to have the children returned to her custody. A hearing on the motion was held in March 1980. Curritt did not appear at the hearing, although he did send a letter to the court opposing the change. (This letter does not appear in the record.)

At the hearing, the evidence disclosed that Starkweather had married two more times since her divorce from Curritt, and had two more children, a boy three years old and a girl one year old. The evidence also indicated that Starkweather is an excellent custodian for the children she currently is raising and that she is capable of giving the other two children the same level of care.

The superior court denied the motion for change of custody, stating:

> The problem is that there is no evidence that Mr. Curritt is now unable to provide care, nor is there any evidence that the situation to Mr. Curritt is somehow detrimental to or contrary to the best interest of the children or that the best interest of the children require that a change of custody be effected. In short, there's no evidence that circumstances with Mr. Curritt [have] changed so that he is no longer able to provide care for the children or that the care that he is providing is detrimental to them. So I don't believe that I can grant the motion for a change of custody.

█ The paramount consideration in the determination of child custody is the best interests of the child. AS 09.55.205; *Veazey v. Veazey*, 560 P.2d 382 (Alaska 1977); *Horutz v. Horutz*, 560 P.2d 397 (Alaska 1977). In an action to modify a child custody decree, we have also noted that a "substantial change in circumstances" is typically necessary to afford the court a "logical basis" to modify the prior order. *King v. King*, 477 P.2d 356 (Alaska 1970). We have cautioned, however, that this requirement is not an "ironclad barrier" to judicial reconsideration, but only one factor to be considered by the superior court. *Deivert v. Oseira*, 628 P.2d 575, 576, 578 (Alaska 1981).

█ We will only overturn a trial court's child custody determination when there is a showing that the trial court's findings of fact were clearly erroneous, *Bonjour v. Bonjour*, 566 P.2d 667 (Alaska 1977), *Carle v. Carle*, 503 P.2d 1050, 1053 n.6 (Alaska 1972), or that the court abused its substantial discretion in making its determination. *DeHart v. Layman*, 536 P.2d 789 (Alaska 1975); *Nichols v. Nichols*, 516 P.2d 732 (Alaska 1973). An abuse of discretion in a modification proceeding is established by a showing that the trial court considered improper factors in making its determination, that it failed to consider statutorily

mandated factors, or that too much weight was assigned to some factors. *Deivert v. Oseira,* 628 P.2d at 577.

■ There is ample evidence in the record to support the superior court's considered judgment that it is in the best interests of the children to not modify the custody order. The children have been in Curritt's custody for six years.[1] Starkweather has failed to present evidence that Curritt is an inadequate parent, or that he is not providing a satisfactory home environment for the children.[2] The fact that Starkweather is as capable of raising the children as her former husband is not enough to warrant a change in custody.[3]

We find that the superior court's denial of the request for a change of custody to Starkweather was not an abuse of discretion. The judgment is therefore AFFIRMED.

---

1. *See* AS 09.55.205(5); *Nichols v. Nichols,* 516 P.2d 732, 735–37 (Alaska 1977) (which emphasizes that the parents should be prevented from moving the children back and forth between them every time one parent undergoes a slight change of circumstances, thus disrupting the children's home environment).

2. Starkweather asserts that the record is "replete with evidence showing that Curritt did not maintain his parent/child role and assume his responsibilities as a father image." The only evidence in the record to support this assertion is the fact that Curritt left the children in his parents' custody more than once for brief periods of time. Curritt, the children and his parents were all living at Thorne Bay at the time. This fact is not sufficient evidence to prove that Curritt has failed in his parental responsibilities. *Johnson v. Johnson,* 479 P.2d 721, 723 (Ariz.1971); *Medina v. Medina,* 415 P.2d 169, 170 (Or.1966).

3. Starkweather should have sought and obtained a current home study and evaluation of the children as part of her case.