**Nora McDANOLD, Appellant,**

v.

**Brad McDANOLD, Appellee.**

**No. S–915.**

Supreme Court of Alaska.

May 9, 1986.

1.  Rescinded by Supreme Court Order 653, effective June 6, 1985.

Edward J. Fyfe, Law Offices of Edward J. Fyfe, Anchorage, for appellant.

Susan D. Mack, Smith, Coe & Patterson, Anchorage, for appellee.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

**1.** AS 25.20.060 provides in pertinent part:
(a) If there is a dispute over child custody, either parent may petition the superior court for resolution of the matter under AS 25.20.-060—25.20.130. The court *shall award custody on the basis of the best interests of the child.*

## OPINION

BURKE, Justice.

Nora McDanold appeals the trial court's award of custody of Aileen McDanold to her ex-husband, Brad McDanold. At issue in this appeal is whether the trial court abused its discretion in granting sole custody of the couple's child to Mr. McDanold. We affirm the trial court's disposition since it did not abuse its discretion.

Child custody disputes are among the most difficult a trial court faces. Trial courts are, therefore, vested with broad discretion in determining where custody should be placed. *Craig v. McBride*, 639 P.2d 303, 304 (Alaska 1982); *Horutz v. Horutz*, 560 P.2d 397, 399 (Alaska 1977). We will only reverse a trial court's determination when we are convinced that controlling findings of fact are clearly erroneous or where the record indicates an abuse of discretion. *Starkweather v. Curritt*, 636 P.2d 1181, 1182 (Alaska 1980); *Bonjour v. Bonjour*, 566 P.2d 667, 668 (Alaska 1977); *Horutz*, 560 P.2d at 399.

An abuse of discretion may be found where the trial court considered improper factors in making its determination, failed to consider statutorily-mandated factors, or assigned too much weight to some factors while ignoring others. *Craig*, 639 P.2d at 304. The paramount consideration, in an award of custody, is the best interests of the child. AS 25.20.060;[1] *Horutz*, 560 P.2d at 399.

Mrs. McDanold argues that the trial court abused its discretion because it did not explicitly address every statutory factor. She further contends that the trial court based its decision on improper factors.

### A. *Statutory Factors*

Alaska Statute 25.24.150(c) enumerates factors to be considered by the trial court in determining custody:

In determining the best interests of the child, the court *shall consider all relevant factors including those factors enumerated in AS 25.-24.150(c).*
(Emphasis added).

(c) The court shall determine custody in accordance with the best interests of the child. . . . In determining the best interests of the child the court shall consider

(1) the physical, emotional, mental, religious, and social needs of the child;

(2) the capability and desire of each parent to meet these needs;

(3) the child's preference if the child is of sufficient age and capacity to form a preference;

(4) the love and affection existing between the child and each parent;

(5) the length of time the child has lived in a stable, satisfactory environment and the desirability of maintaining continuity;

(6) the desire and ability of each parent to allow an open and loving frequent relationship between the child and the other parent.

Mrs. McDanold asserts that the trial court abused its discretion by failing to specifically consider each of the statutory factors separately and make explicit findings on each. We have held that an abuse of discretion exists where the trial court has assigned "too great a weight to some factors while ignoring others." *Bonjour*, 566 P.2d at 668 (quoting *Horton v. Horton*, 519 P.2d 1131, 1132 (Alaska 1974)). We have also found an abuse of discretion where the trial court "failed to consider statutorily-mandated factors." *Deivert v. Oseira*, 628 P.2d 575, 577 (Alaska 1981).

▮ Here, the trial court did not specifically address each of the statutory factors in its oral or written findings of fact. However, the court gave explicit reasons for the award of custody. The determining factor for the decision was the relative stability of the parties. Stability is a relevant factor for the trial court to consider even though not explicitly listed in AS 25.24.150(c).[2]

In *Craig v. McBride*, 639 P.2d 303 (Alaska 1982), we stated that "stability is a

proper consideration" in determining custody. *Id.* at 305. "The fact that the mother had only recently attempted to create a stable home environment was entitled to consideration. Indeed, we do not preclude the court from determining on remand that factors such as these . . . are dispositive." *Id.* We cautioned trial courts that it is the parent's *present* ability to provide for the needs of the child which is at issue, not the parent's past. *Id.* at n. 7. However, the *Craig* court allowed the trial court to consider the fact that prior to the mother's recent marriage she "had failed to establish a stable home or sense of community." *Id.* In *Craig*, we remanded the action because the trial court had indicated in its findings of fact that the mother had "borne children out of wedlock and demonstrated an instability in terms of place or relationship." *Id.* at 305. Consideration of such facts was deemed improper. *Id.*

We have recently addressed the trial court's consideration of factors in the best interests of the child. *McClain v. McClain*, 716 P.2d 381 (Alaska, 1986) (affirmed joint custody award where trial court determined both parents were fit and an earlier agreement met the best interests of the child). In *McClain*, we held that in an initial custody proceeding the trial court may consider when determining the best interests of the child, *"all relevant factors including* those enumerated in AS 25.24.-150(c)." *Id.*[3] (emphasis in original). There we implicitly recognized that each specific factor did not have to be addressed. Instead the trial court could consider all the relevant circumstances including the demeanor of the witnesses and conflicting testimony. *Id.*

Other states have considered the failure of a trial court to specifically consider each and every statutorily mandated factor. Those courts hold that a trial court need not make specific findings on each of the factors in its statute. *In re Marriage of*

**2.** AS 25.24.150(c)(5) does implicitly recognize the desire of the legislature to maintain a stable environment for the child. *See supra* pages 468–469 for text of statute.

**3.** *See supra* pages 468–469 for text of AS 25.24.150(c).

*Jaramillo,* 37 Colo.App. 171, 543 P.2d 1281, 1282 (1975) (the findings must only be sufficient for the appellate court to determine on what ground the trial court reached its decision and whether that decision was supported by competent evidence); *Meyer v. Meyer,* 663 P.2d 328, 330 (Mont.1983) (it is unnecessary for the trial court to make findings on specific factors where there is substantial evidence to support the findings adopted); *Cyr v. Cyr,* 432 A.2d 793 (Me.1981); *Speer v. Speer,* 201 Mont. 418, 654 P.2d 1001, 1003 (1982). This is a sensible approach. Facts which are either uncontested or irrelevant would not assist this court in assessing the propriety of an award. Mere recital of the statutory language helps no one. However, the trial court should specifically address all relevant statutory factors where applicable.

In the case at bar, a number of the statutory factors were not at issue. The child was only 18 months old when custody was determined. Given her infancy, her religious and social needs are minimal. She is too young to express her preference. Judge Buckalew, in commentary during the closing argument, indicated that he believed that both parents loved the child and that each wanted custody. The child custody investigator testified that both were equally capable of caring for her physical and emotional needs and that the child had emotional bonds to each parent. Both parents testified that they were willing to allow and encourage an open and loving relationship between the child and the non-custodial parent.

■ Judge Buckalew acknowledged the close call he was making. The deciding factor, the factor that tipped the scale, was the relative stability of the parties at the time of trial.[4]

*B.* *The Trial Court Did Not Consider Impermissible Factors*

Mrs. McDanold asserts that the trial court based its decision on impermissible factors. She alleges that because the trial court's findings were "deficient" to support its conclusion, it must have based its custody decision on "the mother's series of male relationships and the mother's stepping from one job to another." She, then, compares her situation to those cases in which this court has held that a trial court may not consider such factors as a parent's adulterous relationship, *Bonjour,* 566 P.2d at 667, the number of children borne out of wedlock, *Craig,* 639 P.2d at 303, or a parent's sexual preference, *S.N.E. v. R.L.B.,* 699 P.2d 875 (Alaska 1985) unless those facts directly affect the well being of a child.

■ Such is not the case here. Testimony was given regarding Mrs. McDanold's past relationships, her job history and her childhood. However, Judge Buckalew mentioned no "improper" or "impermissible" factors in awarding custody. It appears that Mrs. McDanold is arguing that testimony regarding her past should not have been heard. If she believes that, then she should have objected to any testimony regarding her past relationships or job history at trial. Furthermore, this court has indicated that while a parent's past is not determinative, it can be considered in evaluating current stability and parenting ability. *Craig,* 639 P.2d at 305 n. 7.

It is impossible to guess the unstated factors which may influence trial judges. They have the opportunity to assess the witnesses' credibility and demeanor at trial. We will not substitute our judgment or hypothesize on what unstated factors may have influenced the trial court. The findings of the court regarding the stability of

---

4. Mrs. McDanold urges us to find that the trial court abused its discretion by failing to explicitly consider the period of time from separation to trial when she had exclusive custody. While this period may be considered in determining the relative stability of the parties, the custodial parent will not be given presumptive preference at the actual custody disposition. *Carle v. Carle,*

503 P.2d 1050, 1053 n. 6 (Alaska 1972). The policy behind this rule is to prevent pretrial custody maneuverings. *Id.* The trial court did not abuse its discretion in failing to expressly address this period. To so hold would encourage parties to embark on just such pretrial maneuverings.

the parties were supported by the testimony before the court. Our review of the record as a whole indicates that the trial court did not abuse its discretion by either failing to consider statutory factors or by considering impermissible factors. In a case as close as this one, the trial court must be given some latitude in making a decision.

Therefore, the trial court's custody disposition is AFFIRMED.