Submitted March 29, affirmed May 10, 1977

MENDELSON, *Appellant,*

*v.*

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY et al, *Respondents.*

(TC No. 91514, SC No. 24538)

563 P2d 735

Cynthia Mendelson, pro se, Salem, for appellant.

J. Philip Parks and Miller, Beck & Parks, Salem, for respondents.

Before Denecke, Chief Justice, and Holman, Tongue, Howell, Bryson, Lent, and Davis, Justices.

LENT, J.

**LENT, J.**

On and prior to January 6, 1975, plaintiff was an insured under a policy issued by defendant insurance company. On that date she was involved in an automobile collision with a vehicle driven by an uninsured motorist. The collision was duly reported by plaintiff to defendant insurance company, which assigned defendant Hahn to investigate the circumstances of the collision. Following its investigation, defendant insurance company paid to the uninsured motorist the full amount of his property damage claim and secured a general release of all claims which he might have.

Plaintiff sometime thereafter commenced this action for damages to compensate her for alleged severe emotional shock and distress. In her complaint she alleged that the defendants, acting through defendant Hahn, "* * * deliberately, willfully, unreasonably, and in bad faith refused to provide uninsured motorist liability benefits to plaintiff as per * * *" her insurance policy. She set forth several specifications which she contended constituted such conduct on the part of defendants and alleged that as a result of such conduct she suffered the severe emotional shock and distress for which she sought damages.

The defendants denied that they had refused to provide her uninsured motorist liability benefits as a result of conduct as described and alleged in the complaint. Defendants also raised affirmative defenses that the policy provided for: (1) arbitration of disputes between the insured and the defendant insurance company under the uninsured motorist coverage and (2) that the policy provided that the defendant insurance company was entitled to make such investigation, negotiation, and settlement of any claim or suit against the insured as the company might deem expedient.

Upon jury trial, after plaintiff had rested, defendants moved for an order of involuntary nonsuit, which

was allowed, and plaintiff appeals from the resulting judgment of involuntary nonsuit.

■ Plaintiff submits two assignments of error: (1) that the court erred in sustaining the motion for involuntary nonsuit and (2) that the court erred in ruling that the testimony of plaintiff's expert witness was discredited as a matter of law. Our disposition of the first assignment of error will make it unnecessary to consider the second.

Plaintiff's cause is based upon the theory that the defendant insurance company refused to provide to her "uninsured motorist liability benefits * * * *as per the aforesaid automobile insurance policy.*" (Emphasis added). As we view the issues framed by the pleadings, it is necessary that plaintiff's evidence be sufficient to submit to the jury a loss of benefits under the policy before we need to inquire as to the quality of defendants' alleged conduct.

ORS 743.789 requires that all motor vehicle liability insurance policies contain uninsured motorist coverage, and ORS 743.792 sets forth requirements for such coverage, therein providing that an arbitration provision be included in such coverage. The policy was placed in evidence without objection and contained the following:

"State Farm Mutual Automobile Insurance Company agrees with the insured:

* * * to pay all sums which the insured or its legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of bodily injuries sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured motor vehicle, *provided, for the purposes of this coverage, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the company, or, if they fail to agree, by arbitration.*" (Emphasis added).

"10. *Arbitration.* If any person making claim under coverage U and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured motor vehicle because of bodily injury to the insured, or do not agree as to the amount payable hereunder, then each party shall, upon written demand of either, select a competent and disinterested arbitrator. The two arbitrators so named shall select a third arbitrator, or if unable to agree thereon within 30 days, then upon request of the insured or the company such third arbitrator shall be selected by a judge of a court of record in the county and state in which such arbitration is pending. The arbitrators shall then hear and determine the question or questions so in dispute, and the decision in writing of any two arbitrators shall be binding upon the insured and the company, each of whom shall pay his or its chosen arbitrator and shall bear equally the expense of the third arbitrator and all other expenses of the arbitration; provided, however, the costs to the insured of the arbitration proceedings shall not exceed $100 and that other costs of arbitration shall be borne by the company. (Costs as used in this provision shall not include attorney fees or expenses incurred in the production of evidence or witnesses or the making of transcripts of the arbitration proceedings.) At the election of the insured, the arbitration shall be conducted in the county of his residence, or the county and state where the cause of action occurred or any other place mutually agreeable to both parties and in accordance with the usual rules governing procedure and admission of evidence in courts of law."

It is elementary that we must review the evidence in the light most favorable to the plaintiff with respect to this issue to determine whether the cause should have been submitted to the jury.

One week after the accident the defendant insurance company settled the uninsured motorist's claim against plaintiff. The fact of the settlement was communicated to plaintiff's husband and to her. A little less than three months later a lawyer telephoned defendant Hahn, stating that he represented plaintiff and her husband concerning the claim, and about

three weeks later another lawyer from the same firm talked to defendant Hahn concerning the possibility of an uninsured motorist claim. About a month later the second lawyer came to the defendant insurance company's claims office and listened to recorded statements which defendant Hahn had taken from witnesses and the uninsured motorist. A couple of weeks later this lawyer called again and reviewed the liability issue with defendant Hahn.

One month later a third lawyer from another firm of attorneys wrote to defendant insurance company, advising it that in his opinion plaintiff had a valid uninsured motorist claim, that defendants had been negligent in the investigation of the claim and had paid the other driver's property damage claim too early. On July 15, 1975, this lawyer came by to review the defendants' file. Upon his request, copies of the recorded statements were provided to him. The next day defendant insurance company received a letter from this attorney demanding the policy limits of uninsured motorist coverage. On the following day defendants directed a letter to this attorney denying the claim under the uninsured motorist coverage. On August 8, 1975, this action was filed.

It is undisputed that neither plaintiff nor anyone acting upon her behalf ever requested arbitration of her claim under the uninsured motorist coverage "as per the aforesaid automobile insurance policy." Since her right, if any, to such benefits arises from the policy, her failure to seek arbitration must foreclose her from establishing that defendants refused to provide such benefits in accordance with the policy. Certainly, the decision of defendants to pay the uninsured motorist's claim against plaintiff is not binding upon her and would not be binding upon the arbitrators. Until and unless plaintiff presents evidence that she has been denied benefits by a decision of the arbitrators under the policy, there can be no failure by defendants to provide such benefits as alleged in the complaint.

[ 384 ]

That plaintiff has throughout this litigation mis-conceived the essential question appears from her brief, in which she states:

> "The question on appeal is whether plaintiff has made a sufficient showing of bad faith on the part of defendants. * * *"

The threshold question under her complaint is whether she has been denied benefits, to use her words (from the complaint), "as per the aforesaid automobile insurance policy." There is no evidence that she has requested arbitration as provided in the policy, and therefore there is no evidence that she has been denied benefits as provided in the policy. There being no issue to submit to the jury as to whether she has been denied benefits in accordance with the policy, there is no occasion to inquire as to the quality of defendants' conduct in investigating the circumstances of the collision and in paying the claim of the uninsured motorist.[1]

At the conclusion of the evidence, defendants made their motion as follows:

> "Your Honor, at this time, defendants and both of them would move the Court for an order of involuntary non-suit. There are several basis [sic] for this."

Following the making of the motion, defendants' counsel commenced argument as to the bases for their motion; part of the argument was reported; part was not.

■ It is clear that the trial judge allowed the motion upon the basis that he believed there had been no showing of bad faith in the case. This poses the question whether this court may affirm the granting of a judgment of involuntary nonsuit upon a different basis than did the trial court judge. We have answered that question in the affirmative. *See Borden v. City of*

---

[1]From defendants' brief on appeal: "How can it be argued that State Farm denied a benefit when that benefit has never been pursued by the insured. State Farm has been prepared and continues to be prepared to submit this dispute to arbitration * * *."

*Salem,* 249 Or 39, 43, 436 P2d 734 (1968); *Russell v. Congregation Neveh Zedeck,* 236 Or 291, 296, 388 P2d 272 (1964).

Affirmed.