Argued November 2, 1978, affirmed February 21,
petition for rehearing denied March 20, 1979

## MENDELSON, *Appellant,*
*v.*
## STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, *Respondent.*
### (No. 98742, SC 25571)

590 P2d 726

Michael B. Mendelson argued the cause and filed briefs in propria persona.

J. Phillip Parks, of Miller, Beck & Parks, Salem, argued the cause and filed a brief for respondent.

[269]

Before Denecke, Chief Justice, and Holman, Tongue, and Bryson, Justices.

BRYSON, J.

## BRYSON, J.

Plaintiff insured brought this action against his insurance company alleging that the company "did knowingly, willfully, wantonly, deceitfully and in bad faith, prejudice plaintiff's claim" for uninsured motorist coverage. The underlying claim was that an uninsured motorist had negligently injured plaintiff's wife in an automobile accident in Salem. Plaintiff alleged that as a result of the injuries to his wife, he had "suffered a loss of his wife's companionship, affection, aid and assistance." Plaintiff further alleged that defendant had failed to conduct a fair and impartial investigation of the accident, including failing to take the statements of material witnesses, failing to investigate the scene of the accident, and failing to recover and test a broken headlight from the uninsured motorist's truck. Plaintiff also alleged that defendant misrepresented certain facts to plaintiff, including misrepresenting that five witnesses who had seen the accident said that the uninsured motorist's headlights were illuminated, and misrepresenting that the uninsured motorist's headlight could not be recovered without totaling his truck. Plaintiff alleged that defendant's conduct caused him "severe emotional distress," for which he sought compensatory and punitive damages. The defendant answered and raised several affirmative defenses, including the provision of the policy requiring arbitration. Plaintiff's demurrer to the answer was overruled. The trial court granted defendant's motion for summary judgment, and plaintiff appeals.

Plaintiff raises several assignments of error. We do not discuss all assignments because of our conclusion as to the effect of the arbitration clause in the policy. That clause provides in part:

> "10. *Arbitration.* If any person making claim under coverage U and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured motor vehicle because of bodily injury to the insured, or do

not agree as to the amount payable hereunder, then each party shall, upon written demand of either, select a competent and disinterested arbitrator. * * * The two arbitrators so named shall select a third arbitrator * * *. The arbitrators shall then hear and determine the question or questions so in dispute, and the decision in writing of any two arbitrators shall be binding upon the insured and the company * * *." (For full text of arbitration clause, *see Mendelson v. State Farm Auto. Ins.,* 278 Or 379, 383, 563 P2d 735 (1977).)

The defendant insurance company argues that plaintiff's insurance claim must first go through arbitration before a court can determine whether defendant has prejudiced that claim. Plaintiff responds to this argument, stating that he did not bring this action *under the policy* and therefore the arbitration clause does not apply. But the trial of plaintiff's claim in the case at bar would require a trial of the matter on which the policy, pursuant to ORS 743.392(1)(a), required arbitration. One of the material allegations in the complaint is that defendant "did * * * willfully * * * and in bad faith, prejudice plaintiff's claim" in the manner alleged as set forth above. To prove this allegation, plaintiff would have to prove (1) that defendant would have denied the claim and (2) that plaintiff would have lost the arbitration proceeding, because otherwise there would have been no prejudice. Therefore, one of the elements of this law action would be a determination of the outcome of the arbitration proceeding. The question in this case is whether the plaintiff may bring this action at law and thereby bypass the arbitration proceeding required by the policy or if he must first go through arbitration and then, if dissatisfied with the award, bring this claim to court. We conclude that he must do the latter.

In *Mendelson v. State Farm Auto. Ins.,* 278 Or 379, 563 P2d 735 (1977), an action brought by plaintiff's wife arising out of the same accident, Mrs. Mendelson sought to recover damages for emotional shock and

distress for defendant's bad faith refusal to pay uninsured motorist benefits to her. We said:

> "* * * The threshold question under her complaint is whether she has been denied benefits, to use her words (from the complaint), 'as per the aforesaid automobile insurance policy.' There is no evidence that she has requested arbitration as provided in the policy, and therefore there is no evidence that she has been denied benefits as provided in the policy. There being no issue to submit to the jury as to whether she has been denied benefits in accordance with the policy, there is no occasion to inquire as to the quality of defendants' conduct in investigating the circumstances of the collision and in paying the claim of the uninsured motorist." 278 Or at 385. (Footnote omitted.)

In other words, we would not allow Mrs. Mendelson to use an action at law to make a hypothetical determination of what would have happened had she gone through the procedures required by the contract. Instead, we required her to first go through those procedures provided by ORS 743.792(1)(a) (arbitration) and then, if dissatisfied, bring her action.

Plaintiff attempts to distinguish this case from his wife's case by analogy to a rule concerning arbitration of labor disputes, stated in *Wagner v. Columbia Hospital Dist.,* 259 Or 15, 27-28, 485 P2d 421 (1971), as follows:

> "* * * [I]f the complaint of a discharged employee alleges facts from which it appears that the interests of the employee will not be fairly represented by the union in an arbitration proceeding, with the result that such a remedy would be useless and futile, a motion to abate [the law action] to require the employee to submit his claim to arbitration * * * will be denied. * * *"

However, there are no allegations in plaintiff's complaint that defendant's conduct made it useless and futile to submit his claim to arbitration. Thus, this

[273]

case is not distinguishable from Mrs. Mendelson's case on such a basis.[1]

■   Plaintiff cites *Ficek v. Southern Pacific Company,* 338 F2d 655 (9th Cir 1964), for the proposition that "submission to arbitration is a waiver of any objection to the award if the basis for the objection was known at the time of submittal." However, *Ficek* states such a rule only with respect to the *arbitrability* of the dispute. Here the insurance contract provides for arbitration as a condition precedent to litigation, and ORS 743.792(1)(a) provides, in part:

"* * * Determination as to whether the insured, his heirs or his legal representative is legally entitled to recover such damages, and if so, the amount thereof, shall be made by agreement between the insured and the insurer, or, in the event of disagreement, by arbitration."

We therefore conclude that this case is controlled by the reasoning in *Mendelson v. State Farm Auto. Ins.,* 278 Or 379, 563 P2d 735 (1977), and that the summary judgment for defendant should be affirmed on that basis.

This disposition of the case makes it unnecessary for us to consider plaintiff's other contentions and whether plaintiff's claim for loss of consortium is recoverable under the uninsured motorist provision of his policy.

Affirmed.

---

[1] One of the "questions presented" by plaintiff is:

"If it is alleged that the liability of an uninsured motorist cannot be established because of the [insurance company's] conduct, is arbitration of the uninsured motorist's liability still a condition precedent to bringing an action against the insurer for bad faith?"

Had the complaint alleged and raised the issue, this might be a different case. However, the complaint does not allege that the liability of the uninsured motorist cannot be established; it only alleges that plaintiff's claim was "prejudiced," not destroyed. In fact, it appears that Mrs. Mendelson is prepared to testify that the accident was the fault of the uninsured motorist. If the arbitration panel were to believe her testimony, and if loss of consortium were properly recoverable under the policy, then plaintiff *could* establish his claim for loss of consortium, if any, through arbitration.