AETNA CASUALTY AND SURETY COMPANY *vs.* PAULINE FARIS.

No. 88-P-660.

Suffolk.    March 10, 1989. — April 18, 1989.

Present: WARNER, KAPLAN, & FINE, JJ.

*Arbitration,* Insurance. *Insurance,* Motor vehicle insurance, Underinsured motorist, Arbitration.

Under the provisions of an automobile insurance policy approved by the Commissioner of Insurance for use in 1981, a party injured in an automobile accident had the right to arbitration of a claim against an insurance company for underinsurance benefits before all claims the party might have had against alleged tortfeasors had been settled or judically resolved. [195-198]

CIVIL ACTION commenced in the Superior Court Department on January 29, 1988.

The case was heard by *John Paul Sullivan,* J.

*Gregory V. St. Cyr* for the plaintiff.

*Brian J. Sullivan (Kenneth L. Sullivan* with him) for the defendant.

FINE, J.   We are asked in this appeal to decide whether, under an automobile insurance policy approved by the Commissioner of Insurance for use in 1981, a party injured in an automobile accident has the right to arbitration of a claim against an insurance company for underinsurance benefits before all claims he might have against alleged tortfeasors have been settled or judicially resolved. We think he does have that right and we affirm, therefore, a Superior Court judgment which, among other things, declared that the plaintiff, Aetna Casualty and Surety Company (Aetna), has a present obligation to arbitrate the defendant's demand for underinsurance benefits, notwithstanding the pendency of a claim against an individual allegedly liable for the injuries.

Kevin Faris, a minor child of the defendant, suffered bodily injuries while he was a passenger in a rented car driven by his father, James Faris. Another car, operated by Linda Moniz, collided with the rented car. A tort action was brought on Kevin's behalf against both his father, James Faris, and Linda Moniz. With Aetna's written consent, settlement was reached with Linda Moniz for $10,000, the full amount of her insurance coverage. Coverage was also provided from the policy covering the rental car in the maximum amounts available for bodily injury, $10,000 for liability and $10,000 for underinsurance. Thus, a pool in the amount of $30,000 is now available to cover Kevin's injuries. The case alleging liability on the part of James Faris is still open. James Faris owns a car and has an Aetna policy providing coverage in the amount of $100,000 for liability and $100,000 for underinsurance. As a member of James Faris' household, Kevin may claim underinsurance benefits under the Aetna policy.

Aetna offered $10,000 to compensate Kevin for his injuries. This offer was refused, and a demand was made on Kevin's behalf for arbitration. Aetna refused to arbitrate and brought this action seeking both a preliminary injunction and a declaration that the demand for arbitration, prior to the exhaustion of all claims for liability insurance proceeds, was premature.[1]

The Aetna policy provided underinsurance benefits consistent with the requirements of G. L. c. 175, § 113L.[2] The policy

---

[1] The defendant had filed a counterclaim seeking declaratory and injunctive relief with respect to the arbitration, and damages under G. L. c. 93A. The judge did not act on the counterclaim, and it is not mentioned by the parties in their appellate briefs. The resolution of the issues raised by the complaint makes the counterclaim moot.

[2] General Laws c. 175, § 113L (1), as appearing in St. 1980, c. 532, § 1, provides:

> "No policy shall be issued or delivered in the commonwealth with respect to a motor vehicle . . . registered in this state unless such policy provides coverage in amounts or limits prescribed for bodily injury or death for a liability policy under this chapter, under provisions approved by the insurance commissioner, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles . . . because of bodily injury, sickness or disease, including death resulting therefrom, and coverage for the protection of persons insured thereunder

stated: "Sometimes an owner or operator of an auto legally responsible for an accident is . . . underinsured. . . . We will pay only if the injured person is legally entitled to recover from the owner or operator of the . . . underinsured . . . auto. . . . We consider an auto to be underinsured if the insurance, bonds or self-insurance covering the auto or operator is not sufficient to pay for the damage sustained by the injured person." The policy went on to provide: "The determination as to whether an injured person is legally entitled to recover damages from the owner or operator of a responsible auto will be by agreement between us and the injured person. The amount of the damages, if any, will be determined in the same way. Arbitration will be used if no agreement can be reached."

The arbitration clause in Aetna's policy, on its face, applies to the dispute in its current phase. Aetna and the defendant do not agree as to James Faris' liability nor to the amount of Kevin's damages. There is nothing in the underinsurance statute or the policy terms expressly requiring exhaustion of claims against alleged tortfeasors prior to arbitration. To the contrary, the liability and damage issues involved in claims for uninsured motorist benefits, which for these purposes are analogous, are routinely decided by arbitration. See *Employers' Fire Ins. Co.* v. *Garney,* 348 Mass. 627, 631-632 (1965); *McGovern* v. *Middlesex Ins. Co.,* 359 Mass. 443, 445 (1971); *Aetna Cas. & Sur. Co.* v. *Poirier,* 371 Mass. 257, 261 (1976). See also G. L. c. 175, § 111D. Where parties agree to have their disputes resolved through arbitration — generally a procedure providing the advantages of speed, convenience, and low cost and guaranteeing neutrality — the policy considerations for enforcing the agreement are strong. Certainly an arbitrator, with the power under G. L. c. 251, § 7, to subpoena witnesses and documents, would be competent to resolve the factual issues involved in the claim for underinsurance benefits under the Aetna policy: whether James Faris was negligent and, if so,

---

who are legally entitled to recover damages from owners or operators of insured motor vehicles . . . whose policies or bonds are insufficient in limits of liability to satisfy said damages, to the extent that said damages exceed said limits of liability subject to the terms of the policy."

whether that negligence was a proximate cause of the accident; and the extent of Kevin's bodily injuries.

Aetna contends that, notwithstanding the absence of an express exhaustion requirement in the underinsurance statute and their insurance policy, the scheme of both implicitly requires that claims against alleged tortfeasors be resolved before the parties resort to arbitration. Underinsurance benefits, Aetna argues, are due under the statute and their policy only if the tortfeasors' policies are insufficient in limits of liability to satisfy the damages. It follows, they say, that the liability and damage issues must be resolved before it can be known whether the claimant has the right to any underinsurance benefits. The parties agreed in the policy, however, that an arbitrator could decide the questions of liability and damages. To the extent that the arbitration might precede in time an inconsistent judicial resolution of a tort claim, the insurer is either protected by its subrogation rights in the policy and the statute (G. L. c. 175, § 113L [4]) or the result is but an inevitable consequence of the selection of a procedure that has numerous advantages to all parties. Were we to adopt Aetna's interpretation, the potential advantages flowing from the presence of the arbitration clause — speed, efficiency, and cost — would be entirely thwarted. We assume that in requiring underinsurance coverage, the Legislature was concerned with protecting victims of automobile accidents not only against the possibility of "catastrophic financial loss" (*Cardin* v. *Royal Ins. of America*, 394 Mass. 450, 454 [1985]), but also from the possibility of unreasonably delayed insurance settlements.

Although the rule that arbitration may be demanded before exhaustion of all potential liability claims is not uniform, and although governing statutes and policy provisions vary from State to State, there is support elsewhere for the rule we adopt. See, e.g., *Detroit Auto. Inter-Ins. Exchange* v. *Spafford*, 62 Mich. App. 365, 368 (1975); *Dunshee* v. *State Farm Mut. Auto. Ins. Co.*, 303 Minn. 473, 484 (1975); *Mendelson* v. *State Farm Mut. Auto Ins. Co.*, 285 Ore. 269, 272 (1979). See also 2 Widiss, Uninsured and Underinsured Motorist Insur-

ance § 24.6 (2d ed. 1987) and cases cited; 3 Schermer, Automobile Liability Insurance § 33.03 (2d ed. 1988).

*Judgment affirmed.*