ALLSTATE INSURANCE COMPANY *vs.* KENNETH S.
MacNEIL.

No. 90-P-1215.

Plymouth. December 16, 1991. - March 12, 1992.

Present: ARMSTRONG, DREBEN, & IRELAND, JJ.

*Arbitration*, Insurance. *Insurance*, Motor vehicle insurance, Underinsured
motorist, Arbitration. *Judgment*, Preclusive effect.

Where a motor vehicle insurance policy provided for arbitration if the par-
ties failed to agree as to whether an injured person claiming under the
policy was legally entitled to recover damages from an underinsured
motorist, and provided further that the insurer would not be bound by
any judgment resulting from a lawsuit against an underinsured motorist
brought without the insurer's consent, the insurer was required to pro-
ceed to arbitration notwithstanding a prior judgment in favor of an un-
derinsured motorist in an action to which the insurer had declined to
consent. [228-231]

CIVIL ACTION commenced in the Superior Court Depart-
ment on December 28, 1989.

The case was heard by *Robert S. Prince*, J., on a motion
for summary judgment.

*Julius B. Levine* for the defendant.
*Mary Holland Harvey* for the plaintiff.

DREBEN, J. Injured in a collision with a motor vehicle
owned by Bradley L. Olson, Kenneth S. MacNeil brought an
action against Olson in the District Court. After judgment
was entered for Olson in that proceeding, MacNeil filed a
demand for arbitration against Allstate Insurance Company
(Allstate) seeking recovery under the underinsured motorist
provisions of a motor vehicle insurance policy issued by All-
state to MacNeil's father. The policy covered bodily injuries
"if the injured person is legally entitled to recover from the
owner or operator of the uninsured [or] underinsured . . .

auto"[1] and specifically provided that if the parties failed to agree as to whether an injured person is legally entitled to recover, the matter would be arbitrated. Allstate denied coverage under the policy and brought this action seeking a declaration that because of the prior judicial determination in favor of Olson, MacNeil is not "legally entitled" to recover under the policy. On Allstate's motion for summary judgment, a judgment was entered in the Superior Court declaring that the prior judgment in the District Court was a judicially binding determination that MacNeil is not legally entitled to recover for his injuries from the owner of an uninsured or underinsured vehicle and that that judgment precludes MacNeil from recovering under the underinsured motorist provision in the Allstate policy.

Were it not for the specific provisions of the policy, we would agree with the conclusion that the principles of prior adjudication (issue preclusion) apply and that MacNeil is bound, even though Allstate was not a party in the first action.[2] See *Home Owners Fed. Sav. & Loan Assn.* v. *Northwestern Fire & Marine Ins. Co.*, 354 Mass. 448, 455 (1968) ("[O]ne not a party to the first action may use a judgment in that action defensively against a party who was a plaintiff in the first action on the issues which the judgment decided").

The relevant clauses of the Allstate policy read as follows:

---

[1]The policy also stated: "Sometimes the company insuring the auto responsible for an accident will deny coverage or become insolvent. We consider such an auto to be uninsured for purposes of this Part."

[2]MacNeil claims that since an appeal is pending from the District Court judgment, that judgment is not a bar. It is doubtful, however, that MacNeil's appeal is viable because he did not timely request a report as required by Mass.R.Dist./Mun.P. 64(c) (1975) when the judge denied his postjudgment motions. See Perlin & Connors, Handbook of Civil Procedure in the Massachusetts District Court § 12.11 (2d ed. 1990). See also Restatement (Second) of Judgments § 13 comment f (1980), taking the position that a judgment otherwise final remains so despite the taking of an appeal; *Tausevich* v. *Board of Appeals of Stoughton*, 402 Mass. 146, 148-149 (1988). In any event, because the policy, as we read it, does not in this case provide for judicial determination of the question at issue, we need not dwell on the principles of prior adjudication.

*"The determination as to whether an injured person is legally entitled to recover damages from the owner* or operator of a responsible auto *will be by agreement between us and the injured person.* The amount of the damages, if any, will be determined in the same way. *Arbitration will be used if no agreement can be reached.*

"If an injured person settles a claim as a result of an accident covered under this Part, we will pay that person only if the claim was settled with our consent. *We will not be bound under this Part by any judgment resulting from a lawsuit brought without our written consent.* We will not, however, unreasonably withhold our consent." (Emphases supplied.)

On March 10, 1989, MacNeil's counsel wrote Allstate, asked for permission to settle with the tortfeasor, and asked "that under the insurance policy that is in effect at the time of the accident, that your company assent to being bound by the decision of the District Court Judge or the ultimate decision that is rendered in the . . . litigation which is now pending in the Brockton District Court." Allstate's reply, in pertinent part, was as follows:

"In response to your inquiries since there is no offer on the table, your request for permission to settle seems premature. Please resubmit if and when an offer . . . is made . . . ."

"Allstate as underinsured motorist carrier providing coverage under [the] policy *will not assent* to being bound by the decision of the District Court Judge or the ultimate decision rendered in the pending litigation." (Emphasis in original.)

As pointed out by the Minnesota Supreme Court discussing a similar provision, the clause "contemplates that the determination of whether an insured is entitled to recover shall be based on an evaluation of the facts and circumstances sur-

rounding the accident, and that this evaluation shall be made by arbitration unless the parties agree otherwise. The question then is whether the parties have agreed otherwise." *Milwaukee Mut. Ins. Co.* v. *Currier*, 310 Minn. 81, 85 (1976). The insurer contends that the clause provides for binding judicial effect in the event the insured loses his or her case against the uninsured or underinsured motorist, but that in other cases the insurer is not bound by the litigation. We disagree. In *Aetna Cas. & Sur. Co.* v. *Faris*, 27 Mass. App. Ct. 194, 196 (1989), where we rejected the insurer's claim that a demand for arbitration was premature prior to the resolution of the claims against the alleged tortfeasors, we said, "Where parties agree to have their disputes resolved through arbitration . . . the policy considerations for enforcing the agreement are strong."

MacNeil here offered Allstate the option of having the question settled by judicial determination; it rejected that route. Since the contract called for agreement of the parties as to whether MacNeil was legally entitled to recover from Olson, and, failing agreement, arbitration, Allstate is required to arbitrate. See *Worthington* v. *Farmers Ins. Exch.*, 77 Wis. 2d 508, 511, 519 (1977) ("Under this policy provision, whether the insured is legally entitled to recover from the uninsured motorist becomes a matter to be decided, assuming proper demand is made, by arbitration and not by the judicial process"). See also *Auto-Owners Ins. Co.* v. *Higby*, 69 Mich. App. 485, 488 (1976). We recognize that some courts have found the policies against relitigation more persuasive and have held the insured to be bound by the judgment against the alleged tortfeasor despite the clause in the policy. See, e.g., *Motorists Mut. Ins. Cos.* v. *Handlovic*, 23 Ohio St. 3d 179 (1986). See generally 3 Schermer, Automobile Liability Insurance §§ 33.04[2] (rev. 2d ed. 1991), and 2 Widiss, Uninsured and Underinsured Motorist Insurance §§ 28.1-28.15, especially §§ 28.10-28.13 (2d ed. 1990), and the cases collected in each. Schermer, but not Widiss, posits that the result we reach is the majority view.

The judgment is reversed, and a new judgment is to be entered declaring that the judgment for Olson in the Brockton District Court does not preclude Kenneth MacNeil from recovering under the provisions of his father's automobile insurance policy and that whether he is legally entitled to recover damages is a question to be determined by arbitration.

*So ordered.*