Fecteau, J.
This case arises out of a motor vehicle accident between Jeannette Cardin (“the plaintiff’) and Mary Russell (“Russell”). At the time of the accident the plaintiff had automobile insurance with Commerce Insurance Company (“the defendant”). The plaintiff and Russell submitted their case to arbitration where the plaintiff recovered $18,000.00 after offsetting the PIP benefits paid.
Plaintiff then filed this action alleging that she is owed $4,273.80 in either PIP benefits or medical payment coverage from the defendant. The defendant now moves for summary judgment pursuant to Mass.R.Civ.P. 56 arguing: (1) that plaintiff s claims are barred through the doctrine of issue preclusion; (2) that the plaintiff has been fully compensated for her injuries; and (3) that the plaintiff has failed to establish that any benefits are owed to her. For the following reasons, defendant’s motion for summary judgment is ALLOWED.

BACKGROUND

The summary judgment record indicates the following facts, considered in the light most favorable to plaintiff as the non-moving party. On November 18, 1997, the plaintiff was injured in a car accident between her and Russell. The plaintiff filed suit against Russell and on September 14, 2000, both parties represented by counsel appeared before an arbitrator. The arbitrator found, among other things, that the plaintiff had been diagnosed with carpal tunnel syndrome in both wrists two months prior to the accident. After the accident, the plaintiff was treated for injuries related to the accident which included pain in her left arm, shoulder and neck. The plaintiff also underwent surgery for her carpal tunnel syndrome which the arbitrator found was not causally related to the accident.
*501 The arbitrator offset the PIP benefits paid to the plaintiff and awarded her $18,000.00 in addition to all other sums paid to or for her benefit from all other sources. The plaintiff then filed the action at bar.

DISCUSSION

I. Standard of Review.
Summary judgment is appropriate when no material facts are in dispute and the moving party is entitled to judgment as a matter of law. Mass.R.Civ. 56(c); Highlands Ins. Co. v. Aerovox, Inc., 424 Mass 226, 232 (1997). The moving party bears the burden of affirmatively demonstrating both the absence of triable issues and its entitlement to judgment as a matter of law. See Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). A party moving for summary judgment who would not bear the burden of proof at trial may demonstrate the absence of triable issues by either submitting affirmative evidence negating an essential element of the non-moving party’s case or by showing that the non-moving party would have no reasonable expectation of proving an essential element of its case at trial. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). To overcome a summary judgment motion, the non-moving party must articulate specific facts establishing the existence of general issues of material facts. Pederson, supra, at 17. Bare assertions or conclusions regarding an individual’s understandings and assumptions are insufficient to withstand a well pleaded motion for summary judgment. Polaroid Corp. v. Rollins Envtl. Servs., 416 Mass. 684, 696 (1993).
II. Issue Preclusion in Arbitration
“A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, is that a ‘right, question, or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies.’ ” Fidler v. E.M. Parker Co., 394 Mass. 534, 539 (1985), quoting Montana v. United States, 440 U.S. 147, 153 (1979), quoting Southern Pac. R.R. v. United States, 168 U.S. 1, 48-49 (1968). A player not a party to the first action may use the doctrine of issue preclusion as a defense against a party who was the plaintiff in the first action on issues which were the subject of the judgment in the first case. See Fidler, supra, at 541. Issue preclusion does not “require mutuality of parties, so long as there is an identity of issues, a finding adverse to the party against whom it is being asserted, and a judgment by court or tribunal of competent jurisdiction.” See Miles v. Aetna Cas. & Sur. Co., 412 Mass. 424, 427 (1992), quoting Martin v. Ring, 401 Mass. 59, 61 (1987). When the above is satisfied the fundamental inquiry then becomes whether the issue on which preclusion is sought has been the product of full and careful deliberation. Id., citing Home Owners Fed. Sav. & Loan Assn v. Northwest Fire & Marine Ins. Co., 354 Mass. 448, 455 (1968).
"When arbitration affords opportunity for presentation of evidence and argument substantially similar in form and scope to judicial proceedings, the award should have the same effect on issues necessarily determined as a judgment has.” See Miles, supra, at 427, quoting Baily v. Metropolitan Property & Liab. Ins. Co., 24 Mass.App.Ct. 34, 36-37 (1987). An arbitration award can be preclusive if the same parties or their privies are involved. Id. at 36.
In the case at bar, the plaintiff argues that issue preclusion is not implicated in this action because an arbitrator's finding and a finding of a judge or jury can be inconsistent. The plaintiff cites Allstate Ins. Co. v. MacNeil, 32 Mass.App.Ct. 227 (1992), for this proposition but her reliance is misplaced. Not only are the facts not analogous to the case at bar but the outcome is not helpful to the plaintiff. A closer examination of Allstate, supra, by this Court is warranted to outline the plaintiff misuse of this case. In Allstate, MacNeil was injured in a car accident with Olson. MacNeil sued Olson in District Court where the judge ruled that MacNeil was not entitled to recover for his injuries against the owner of an underinsured or uninsured motorist. MacNeil then sought recovery from Allstate and Allstate refused. Under the Allstate policy, any disagreements as to coverage must be arbitrated. Allstate refused to take the matter to arbitration and argued that because the District Court ruled that MacNeil was not “legally entitled to recovery” the matter should not be arbitrated. The Appeals Court ruled that had Allstate not written its policy to include the option of arbitration in the face of disagreement between the parties, issue preclusion would prevent MacNeil from recovery. However, the Court ruled that because the policy clearly allowed for the agreement of the parties as to whether MacNeil was legally entitled to recover, Allstate was required by its terms to arbitrate.
Such is not the case in the action at bar. First, the original parties to the car accident first agreed to submit the issues of liability and damages to voluntary arbitration, much like a tort action being tried in a court. These issues were clearly decided by the arbitrator and more specifically, there was a definite finding that the plaintiffs carpal tunnel syndrome and the medical expenses associated therewith, was not causally related to the car accident. Second, the issues of PIP benefits and insurance coverage were considered by the arbitrator and factored into the final award. Even though the result was different in Allstate, the Appeals Court’s rationale can be applied to the case at bar. Because there is no clause in the instant- insurance policy that requires the parties to submit the remaining issues to arbitration, namely PIP and medical payments coverage, the plaintiff does not fit into the exception carved out by the Appeals Court. As the *502 Appeals Court ruled in Allstate had there not been the exception in the policy, as there is not here, the parties would be bound by the decision of the District Court. Without a policy requiring the parties to go to arbitration in the case at bar they are bound by the decision of the arbitrator whose role was similar in form and scope to judicial proceedings.
The doctrine of issue preclusion applies in this case because: (1) the issues are identical; (2) there was an adverse finding against the plaintiff as to the causal relationship between her carpal tunnel syndrome and the accident for which she now seeks recovery; (3) her PIP benefits were specifically offset by the award; and (4) the arbitration process agreed upon by the parties afforded a full and fair opportunity to litigate the issues. Therefore, the defendant’s motion for summary judgment is ALLOWED.
Plaintiff next argues that because the case at bar is for recovery under G.L.c 90, §34M and sounds in contract and not tort, as the original arbitration matter did, no issue preclusion applies. As precedent for this argument plaintiff relies on a ruling by the Appellate Division which made the same argument. This distinction, however, has been overturned by the Superior Court. See Iaconi-Young v. Arbella Mut. Ins. Co., Civil No. 98-00844A (Sup.Ct. Dec. 6, 1998) (9 Mass. L. Rptr. 218). The Superior Court specifically stated that the objective of G.L.c. 90, §34M was to prevent double recovery when a plaintiff was previously compensated for medical bills and lost wages by an arbitrator’s award.'The summary judgment record shows that the plaintiff already recovered for her injuries related to the car accident and she is not entitled to recover again under G.L.c 90, §34M for the same injuries arising out of the same event. Moreover, whether it be tort or contract liability, the analysis required in each is the same: Is there credible evidence of a causal relationship between a medical condition and expense to an accident? The arbitrator found here that there was not. Therefore, the defendant’s motion for summary judgment is ALLOWED.
Finally, the plaintiff has failed to demonstrate that there are any PIP benefits left outstanding that were not covered by the arbitrator’s award. The summary judgment record is void of any documentation by the plaintiff of PIP benefits not paid by defendant which relate to the plaintiffs accident. The defendant had alleged that the plaintiff is seeking benefits for her injuries that have already been compensated through arbitration or for her carpal tunnel which has already been adjudged unrelated to the accident. Either way, it is now the plaintiffs burden when faced with a well pleaded complaint for summary judgment to produce specific facts relating to the defendant’s allegations that she cannot make out an element of her claim. The summary judgment record clearly indicates that the plaintiff was diagnosed with carpal tunnel two months before her accident. It is equally clear to this Court that the plaintiffs arbitration award was offset by PIP benefits already paid to her. The plaintiff has failed to proffer any evidence to the contrary and instead has made conclusory arguments supported by ineffectual case law.

ORDER

For the foregoing reasons it is hereby ORDERED that defendant’s motion for summary judgment be ALLOWED.