Morris G. REESE, Appellant,

v.

Louis J. GEIERMANN and Regal, Inc., Appellees.

No. 3332.

Supreme Court of Alaska.

Feb. 10, 1978.

Lawrence J. Kulik, Anchorage, for appellant.

Chancy Croft, Croft, Thurlow, Loutrel & Duggan, Anchorage, for appellees.

## OPINION

Before BOOCHEVER, Chief Justice, and RABINOWITZ, CONNOR, BURKE and MATTHEWS, Justices.

MATTHEWS, Justice.

■ The principal question in this appeal is whether the trial court erred in valuing real property which appellant had wrongfully conveyed. The court's finding of value was in accordance with a written estimate of a real estate appraiser which was introduced into evidence without objection.[1] The report was hearsay, but since it was not objected to the court did not err in admitting or relying on it. "Hearsay testimony which is not objected to is fully competent." *City of Anchorage v. Nesbett*, 530 P.2d 1324, 1336 (Alaska 1975).

■ Appellant also contends that the appraiser's report was predicated on an assumption that any sale of the property would be on an installment basis rather than for cash and that it was therefore plain error for the court to rely on the report. We have held that "we shall consider plain errors, even though not objected to below, which are so substantial as to result in injustice." *Merrill v. Faltin*, 430 P.2d 913, 917 (Alaska 1967). We find no plain error. The report does not specify whether the estimate of value assumed a cash or installment sale, and no evidence was presented at trial that there would be any difference in value under the two assumptions for the type of real estate involved.

■ Appellant also contends that the court erred in denying his motion for a continuance and motion to amend the judgment. Those orders may not be disturbed on appeal unless there has been an abuse of

1. No evidence that the property had a value lower than that contained in the appraiser's report was presented at trial. Appellee Louis J. Geiermann testified to a somewhat higher value, also without objection.

discretion by the trial court.[2] We find no abuse of discretion with regard to the court's denial of either motion.

AFFIRMED.

2. Concerning a motion to amend a judgment under Civil Rule 59(f), "the same appellate review for legal error is available, on appeal from the judgment, as is available relative to motions for a new trial." 6A Moore's Federal Practice § 59.15[4], at 59–294 (2d Ed. 1974). The standard of review of new trial motions is that we will reverse only in cases of abuse of discretion. *Ahlstrom v. Cummings,* 388 P.2d 261, 262 (Alaska 1964). The same standard applies to motions for a continuance. *Gregoire v. National Bank of Alaska,* 413 P.2d 27, 33 (Alaska 1966).