James D. MILNE, Appellant,

v.

Esther ANDERSON, Appellee.

No. 3222.

Supreme Court of Alaska.

March 24, 1978.

---

Charles K. Cranston, Gallagher, Cranston & Snow, Anchorage, for appellant.

A. Robert Hahn, Jr., Hahn, Jewell & Stanfill, Anchorage, for appellee.

OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, BURKE and MATTHEWS, JJ.

CONNOR, Justice.

This dispute arose from a 1971 land sale contract and a subsequent promissory note executed by appellant James D. Milne in favor of appellee Esther Anderson.

Benjamin Walters, Sr., acting on Milne's behalf, negotiated with Anderson to buy her Homer property—a lot with an apartment house, a small house, and a large storage structure.[1] Milne signed a contract to purchase the land, "all buildings thereon, and furnishings and fixtures, therein," and Walters mailed it to Anderson who then resided in Portland, Oregon. When Anderson received the contract she added the following language to the property description:

> "Exceptions—Furniture and appliances belonging to Mrs. Hann [a tenant residing on the property]. Personal contents of warehouse and house attic. Blue Oriental rug; 2 pictures by Sam Pratt and 1 picture by Toby Tyler."

She and her husband then signed the contract, initialed the additional language, and returned it to Walters with a letter stating that they planned to return to Homer in the summer to remove their "gear." Walters set up an escrow account and the property was transferred by warranty deed. Milne took possession of the property and began payments under the contract, but was unaware of the Anderson addition to the contract.

When the Andersons returned to Homer several months later, Milne saw Mr. Ander-

---

**1.** Although Walters was in the real estate business in Homer, he apparently acted as a volunteer in these negotiations as a friend of both parties. He received no compensation.

son remove some personalty from the property, but he did not protest the removal. He was embroiled in an employment contract controversy with the school board and was afraid to begin another dispute with well-known members of the Homer community.

Later that summer, a bank official asked Milne to initial his approval to the Anderson contract addition. He refused, but he did not complain to either Anderson or Walters. He continued to make payments on the property.

On July 12, 1971, Milne, intending to improve the property, borrowed $4,000 from Anderson on an unsecured promissory note.[2] He fulfilled the note repayment schedule until January, 1972. When Anderson's attorney sent Milne a letter demanding payment, Milne responded that payment had been made to Mr. Anderson. However, at trial Milne testified that he stopped payment because he believed his indebtedness under the promissory note was offset by various losses he incurred under the land sale contract: the value of the personal property removed from the premises; certain interest payments and utility costs he had paid before taking possession of the property; and two months' rent for the time Anderson lived on the property.

Anderson filed suit to collect the $3,269.20 owing on the promissory note. Milne filed an answer raising, as an affirmative defense, an offset in the amount of $4,287.00. The district court, construing Milne's pleading as a counterclaim, allowed an offset of $456.43 in interest overpayment

and $300 for rent, resulting in a final judgment for Anderson of $2,512.77, plus interest and attorney's fees.

An appeal to the superior court followed. Both parties received standard form instructions regarding the filing of briefs which stated that failure to file a brief was deemed a waiver of that right.[3] Milne did not file a brief, nor did he request oral argument. Milne's appeal was dismissed by the superior court on a procedural ground. We reversed and remanded for a determination on the merits. *Milne v. Anderson*, 554 P.2d 402 (Alaska 1976).

On remand, the superior court affirmed the judgment. Milne again appeals.

■ Milne's first contention is that the superior court erred in affirming the judgment on remand without affording him the opportunity to brief or orally argue the appeal issues. Rule 45(f), Alaska Rules of Appellate Procedure, provides for briefing and argument in appeals to the superior court.[4] However, Milne waived those procedures in his first appeal to the superior court by his failure to file a brief and request oral argument. Since the same issues were raised in both appeals to the superior court, we see no reason why our remand for a determination on the merits of the appeal would have operated to revoke Milne's prior waiver.

■ Milne next alleges error in the superior court's affirmance of the district court's findings that (1) the Anderson addition to the contract was a counteroffer which Milne accepted by performance un-

2. It is unclear whether this debt was incurred before or after the bank notified Milne that the contract had been changed, but it was after Milne saw Mr. Anderson remove the personalty.

3. The Clerk of the Trial Courts sent the following notice to the parties:

"1. *Prehearing conference.* Unless written request for any or all of the following is served and filed within five (5) days after service of this notice, prehearing conference, briefing and/or oral argument are waived. 2. *Briefs.* If requested (1) above, typewritten briefs shall be served and filed as follows:

Appellant: Within ten (10) days after service of this notice;
Appellee: Within twenty (20) days after service of this notice;
Appellant: May reply within twenty-five (25) days after service of this notice.
Failure to file a brief as above specified or otherwise ordered constitutes waiver of the filing of same."

4. Appellate Rule 45(f) provides:

(f) *Time for Filing Briefs.* The superior court shall set the time limits for filing the necessary briefs and the time of oral argument at the time of a prehearing conference to be ordered by that court.

der the contract; (2) Milne waived his right to complain about the utility payments and the items removed from the premises by Mr. Anderson and; (3) Milne failed to prove the value of the items removed. He argues that the contract between the parties was formed under the terms of his original offer which included all personalty on the premises. Neither party seeks to repudiate the contract. The only disagreement relates to the items allegedly removed by Mr. Anderson from the premises and the utility payments. Assuming, without deciding, that Milne's interpretation of the contract is correct, the record adequately supports the district court's findings that Milne waived his right to protest Mr. Anderson's actions regarding the disputed personalty and the utility payments. Accordingly, we affirm.

 Waiver is generally defined as "the intentional relinquishment of a known right." *Arctic Contractors, Inc. v. State*, 564 P.2d 30, 40 (Alaska 1977); *National Bank of Alaska v. J. B. L. & K. of Alaska, Inc.*, 546 P.2d 579, 587 (Alaska 1976); *Alaska Foods, Inc. v. American Mfr.'s Mut. Ins. Co.*, 482 P.2d 842, 852 (Alaska 1971). However, waiver is:

> "a flexible word, with no definite, and rigid meaning in the law . . .. While the term has various meanings dependent upon the context, it is, nevertheless, capable of taking on a very definite meaning from the context in which it appears, and each case must be decided on the facts peculiar to it."

*United States v. Chichester*, 312 F.2d 275, 281–82 (9th Cir. 1963);[5] *See also* 5 W. Jaeger, *Williston on Contracts*, § 678, pp. 238–44 (3d ed. 1961). A waiver can be accomplished either expressly or implicitly. An implied waiver arises where the course of conduct pursued evidences an intention to waive a right, or is inconsistent with any other intention than a waiver, or where neglect to insist upon the right results in prejudice to another party. *Kessinger v. Anderson*, 31 Wash.2d 157, 196 P.2d 289 (1948). *See also Albert v. Joralemon*, 271 F.2d 236 (9th Cir. 1959); *Williston on Con-*

*tracts, supra,* § 679. To prove an implied waiver of a legal right, there must be direct, unequivocal conduct indicating a purpose to abandon or waive the legal right, or acts amounting to an estoppel by the party whose conduct is to be construed as a waiver. *United States v. Chichester, supra,* at 282; *Pacific States Corporation v. Hall*, 166 F.2d 668, 671 (9th Cir. 1948).

The record here reveals no express waiver of any right Milne may have had for damages under the land sale contract. The trial court, however, implied a waiver from Milne's conduct:

> " . . . by defendant's [Milne's] failure to protest in any fashion the actions . . . in removing or otherwise asserting their [the Andersons'] possession of the disputed items, he has waived his right to complain in this action. To allow him to remain silent while fully aware of the acts of the plaintiff and her husband as to the subject personal property, then borrow money from the plaintiff and later refuse to repay the loan on the basis of a claim of ownership of the property is unthinkable."

Milne contends that his refusal to initial the addition to the contract when the bank notified him manifests his intention to preserve his right to seek damages under the land sale contract and, thus, that the trial court erred in imputing an intention to waive such rights. As further indications of his intention to seek relief at some later time, Milne cites the fact that he asked Mr. Anderson what he was doing when he removed the personalty from the property, and that he chose not to protest solely out of fear.

The district court, as trier of fact, heard all of the evidence and the inferences it drew from the testimony presented will not be set aside unless "clearly erroneous." Rule 52(a), Alaska R.Civ.Pro.; *see also Hecht v. Harris, Upham & Co.*, 430 F.2d 1202 (9th Cir. 1970); *Albert v. Joralemon, supra,* at 240. There is substantial evidence in the record to support an inference of

---

5. Quoting from 92 C.J.S. Waiver, p. 1041.

waiver: Milne's failure to complain about the utility payments and Mr. Anderson's activities on the premises; his failure to protest when he saw that the contract had been altered; his continued performance under the contract despite his knowledge that the contract terms had been changed; and his failure to raise the claim of offset when Anderson's attorney demanded payment on the promissory note. Since, from our review of the record, we are not left with a "definite and firm conviction that a mistake has been made,"[6] the district court's finding—that Milne waived any right to raise his claim for damages under the land sale contract in this litigation over the promissory note—must be affirmed.

█ Furthermore, although the district court judge did not mention estoppel in his findings or conclusions, we believe his findings justify our holding that Milne's conduct, from which an inference of waiver arose, was such as to estop him from now raising an inconsistent claim. Milne was aware of the facts that amounted to the Andersons' alleged breach of the land sale contract when he sought an additional loan from them. Nevertheless, he borrowed the money, promising to repay it in full. It was not until six months later, when Anderson commenced litigation against him, that Milne asserted a breach of the land sale contract, and claimed the right to offset his indebtedness under the promissory note for that alleged breach. The well-supported findings that Milne acquiesced in the removal of personalty and in paying the utility charges preclude him from now assuming a position inconsistent with that acquiescence. Milne cannot now offset his debt for money loaned to him in good faith reliance upon his promise to repay by charging that the Andersons' conduct, under a separate contract, and to which he raised no objection, was a breach of contract entitling him to money damages. *See generally Al-*

*bert v. Joralemon, supra; Rode & Brand v. Kamm Games,* 181 F.2d 584 (2d Cir. 1950); *Custom Line Bldrs. v. Kansas City Fire & Marine,* 413 F.Supp. 877 (N.D.Ill.1976).

Whether we apply the principle that waiver is conduct from which there can be inferred the relinquishment of a known right, or apply the principle that waiver can be inferred from acts which constitute an estoppel, the finding of the district court compels affirmance.[7]

AFFIRMED.

---

6. *Arctic Contractors, Inc. v. State,* 564 P.2d 30, 46 (Alaska 1977), quoting from *State v. Phillips,* 470 P.2d 266, 268 (Alaska 1970); *Steward v. City of Anchorage,* 391 P.2d 730, 731 (Alaska 1964).

7. In view of our conclusion, we need not address Milne's contention that he fulfilled his burden of proof as to the identity and value of the personal property removed from the premises.