**Starr Marie SANGUINETTI, Appellant,**

v.

**Rocco Berg SANGUINETTI, Appellee.**

**No. 4498.**

Supreme Court of Alaska.

May 29, 1981.

Alexis G. Foote and Paul B. Jones, Foote & Jones, Anchorage, for appellant.

Steven P. Oliver and L. Ben Hancock, Kodiak, for appellee.

Matthew D. Jamin, Alaska Legal Services Corporation, Kodiak, guardian ad litem.

Before RABINOWITZ, C. J., and CONNOR, BURKE, and MATTHEWS, JJ., and DIMOND, Senior Justice.

## OPINION

CONNOR, Justice.

Starr Marie Sanguinetti appeals from a modification of divorce decree by which the superior court granted permanent custody of the parties' child to Rocco Berg Sanguinetti, with rights of visitation in the mother.

The Sanguinettis were married in Kodiak in 1973. Their one child, Sasha, was born in 1975. The parties separated and Mr. Sanguinetti filed for divorce on December 23, 1976. Both parents sought custody of the child.

Upon stipulation of the parties, the court ordered that the Division of Social Services be assigned to investigate and report on the care and home environment of the child. At this time the child was in the physical custody of the father in the family home in Kodiak.

In March, 1977, the superior court in Kodiak gave temporary custody of the child to his father pendente lite with the right of reasonable visitation in the mother. The parties subsequently entered into an agreement incorporated into the judgment of divorce entered in July, 1977, which gave temporary custody of the child to the father on the condition that he refrain from consumption of alcoholic beverages. The award of temporary custody was to be automatically reviewed by the court at the end of one year, during which time the mother would have visitation rights.

The judgment of divorce ordered the Division of Social Services to continue to monitor the well-being of the child on a monthly basis and submit reports to the court. The father-child relationship was formally and regularly monitored. The mother-child relationship, however, was only monitored once, apparently because of delays in the court system and the Division of Social Services. The one informal visit with the mother and child was the result of an inquiry by the mother, as the division had not contacted her to make an appointment and there was only one week left of the child's summer visit.

During the fall of 1977, Mrs. Sanguinetti received information that Mr. Sanguinetti was drinking again and she, therefore, moved to modify the divorce decree to grant her permanent custody.

In an attempt to get the Division of Social Services to perform a home study of the mother as previously ordered in the divorce decree, the parties stipulated once again, and the court ordered once again, that a report be made on the mother's home environment. The court apparently failed to mail a copy of the order to the Division of Social Services, a mistake that was not discovered until June 23rd, just prior to the July 5, 1978, hearing date. Counsel for the mother made numerous inquiries of the Anchorage office of the Division of Social Services, which replied that it had a backlog of cases but would soon be ready to perform the study. On June 30, the mother's counsel learned that no report could be done in time for the hearing since there was no authorization for it.

At this point the hearing had been continued four times for various reasons. The mother did not move to continue the July 5th hearing. Instead, the hearing was held. Before the master's report was submitted to the judge, the mother moved for a further hearing to present additional evidence. This motion was renewed and a motion to reopen the hearing was made after the report was submitted. Counsel also sought an order enforcing the March order for the home study. These motions were denied.

I

The primary issue in this case is whether the custody hearing should have been re-

opened to allow the mother to present evidence to which she was entitled and which was not available at the time of the July 5th hearing.

Appellant claims that it was an abuse of discretion for the court to deny her the opportunity to present current material evidence of the mother-child relationship in her home environment and of the child's physical, emotional and mental condition. Since our decision on the issue of the home study is dispositive, we do not discuss the claimed errors with regard to the physical and psychological examinations.

There is no dispute, and it is clear from the record, that the mother had a right to the home study. The stipulation and order indicate that all parties concerned knew the importance of providing the court with complete information so that it could make an informed judgment based upon the best interests of the child. The father and the guardian ad litem argue, however, that the mother waived her right to the home study.

The father claims that by failing to notify the court of the problems she was having in obtaining the home study and by failing to seek a continuance of the hearing, the mother waived her right to the home study. The guardian ad litem bases his claim of waiver on the exchange between the master and the father's counsel on the subject of the home studies at the pre-trial conference, and because the mother's counsel did not then indicate that there was a problem. They both assert that it was no abuse of discretion for the trial court to deny the mother's post-trial motions.

The mother counters that the waiver argument should not be heard because that argument was not made at trial or raised as a point on appeal. On this point the mother is incorrect. The guardian ad litem, in his response to defendant's post-trial motions, did assert that the mother should have asked for a continuance of the hearing until the home study evidence was available.

Furthermore, since appellees were not claiming any error in the court below, they had no duty under Appellate Rule 9(e) to raise the waiver issue by a cross-appeal.

Nevertheless, we are unpersuaded by appellee's waiver argument. Although we have no finding by the court below as to whether there was a waiver,[1] our review of the record leads us to the conclusion that no waiver occurred.

Obviously there was no express waiver, so we need only consider whether appellant's conduct constituted an implied waiver. In *Milne v. Anderson*, 576 P.2d 109, 112 (Alaska 1978), we said:

"An implied waiver arises where the course of conduct pursued evidences an intention to waive a right, or is inconsistent with any other intention than a waiver, or where neglect to insist upon the right results in prejudice to another party. To prove an implied waiver of a legal right, there must be direct, unequivocal conduct indicating a purpose to abandon or waive the legal right, or acts amounting to an estoppel by the party whose conduct is to be construed as a waiver." (citations omitted).

The record shows that the mother sought enforcement of the July, 1977, order for regular home studies, incorporated in the decree of divorce, by obtaining the stipulation and the March, 1978, order; that after the order was signed, the mother's counsel made numerous telephone calls to the Division of Social Services; that after four continuances of the hearing, when she learned that the order had not been sent, and thus the study could not be done in time, she thought that the wiser course was to go through with the hearing because of the difficulty and expense of re-serving all the witnesses and finding a hearing date when they could all be available; that at the hearing counsel lamented that the home study was not then available; and that during the post-hearing motion period the

---

1. Since the trial judge gave no reasons for denying the mother's motions, this case is distinguishable from *Milne v. Anderson*, 576 P.2d 109 (Alaska 1978). In *Milne*, although the trial judge did not mention the term waiver or estoppel, we were able to justify our holding that a waiver occurred based on the judge's findings and conclusions.

mother filed a motion for further hearing to present additional evidence and clearly explained why she had not sought a continuance. None of this indicates to us an intention to abandon or waive the right to the home study. Nothing that was done or said can be held to have misled the other parties. Furthermore, there would have been no more prejudice to the opposing party at that time if the hearing had been reopened to take evidence of the home study than if the entire hearing had been continued.

The only possible indication of an intention to abandon the right to the home study took place at the pretrial conference and it is on this that the guardian ad litem rests his contention of waiver. During the conference, the master inquired of the *father's* counsel whether the monthly home study reports had been made. He replied that they were made, but not monthly. There followed a long discussion to determine whether the master and all the parties had copies of all the reports. The master never made a similar inquiry of the mother's counsel nor of the guardian ad litem whose duty it was to protect the best interests of the child. The master and all of the attorneys were aware that the mother's home study had not been done because of the court's failure to mail the order to the Division of Social Services.[2] In these circumstances, we cannot say that the failure by the mother to clarify the situation constituted unequivocal conduct indicating an intention to waive her rights.

**2.** The clerk of the trial court had written to all of the attorneys when she discovered the reason that the home study had not been done, and a copy of that letter was in the record.

**3.** The trial judge is given broad discretion in awarding child custody and the trial court's resolution of custody issues will be disturbed only if this court is convinced that the record shows an abuse of discretion or that controlling findings of fact are clearly erroneous. *See Horutz v. Horutz*, 560 P.2d 397, 399 (Alaska 1977); *Horton v. Horton*, 519 P.2d 1131, 1132 (Alaska 1974).

Likewise, rulings of the trial court on motions for a continuance, new trial, or re-opening of a case will be disturbed on appeal only

We next consider whether, absent the waiver, there was an abuse of discretion[3] by the trial court when it denied the mother's motion to enforce the home study order and re-open the case. We hold that there was a clear abuse of discretion in this case. Therefore, we remand for further proceedings consistent with this opinion.

Three factors in this case represent exceptional circumstances that call for a reversal of the trial court's ruling on the motions.

First, Alaska law requires that custody be awarded on the basis of the best interests of the child. AS 09.55.205. We have repeatedly stated that child custody determinations are among the most difficult in the law and that a child may often carry the effects of a court's custody award for the rest of his life. *Horutz v. Horutz*, 560 P.2d 397, 399 (Alaska 1977); *Lacy v. Lacy*, 553 P.2d 928, 929 (Alaska 1976). For this reason it is extremely important that the court be fully informed at the time it makes its initial decision. A home study is an important source of evidence which facilitates determination of the child's best interests.[4]

Second, although the parties stipulated, and the court ordered, that the home study should take place, no such study was ever performed. We have previously stated that sound judicial policy dictates that private settlements and stipulations between parties are to be favored and should not be lightly set aside. *Greater Anchorage Area Borough v. City of Anchorage*, 504 P.2d 1027, 1031 (Alaska 1972). The California Supreme Court has said that:

where there has been an abuse of discretion. *See Reese v. Geiermann*, 574 P.2d 445 (Alaska 1978) (continuance); *Bowman v. Hall*, 83 Ariz. 56, 316 P.2d 484, 486–87 (1957) (re-opening of trial) and cases cited therein.

On a motion for a new trial, the court will not interfere with the trial judge's discretion except in the most exceptional circumstances and to prevent a miscarriage of justice. *City of Whittier v. Whittier Fuel and Marine Corp.*, 577 P.2d 216, 222 (Alaska 1978).

**4.** See the list of factors that must be considered in *Veazey v. Veazey*, 560 P.2d 382, 388 n.7 (Alaska 1977).

"[A] stipulation [between parties] made in open court constitutes 'not only agreement between the parties but between them and the court, which the latter is bound to enforce not only for the benefit of the party interested but for the protection of its own honor and dignity.' " *Webster v. Webster*, 216 Cal. 485, 14 P.2d 522, 523 (1932) (*quoting Meagher v. Gagliardo*, 35 Cal. 602 (Cal.1868)). In the circumstances of this case, the protection of the court's own dignity requires that the stipulated agreement for a home study be enforced.

Finally, if any doubt remains about whether the mother had waived her right to the home study, we would still feel compelled to remand in this situation because the court system itself created the problem by failing to follow through after signing the order. The integrity of the judicial process requires that when the court system makes a clerical error of this magnitude, it should speedily redress the situation, on its own motion if necessary.

In summary, we hold that based on the importance of a fully informed custody decision, the respect that we accord to stipulated agreements, and the error committed by the trial court that prevented the stipulated agreement from being performed and the necessary evidence being adduced, it was an abuse of discretion to deny the mother's motions to enforce the home study order and re-open the hearing to present that evidence.

Appellant seeks reversal of the judgment awarding custody of the child to the father or, in the alternative, a new trial before another judge. While we find there was error below, we find no evidence of a bias that would require reassignment of the case to another judge on remand. Also, since we are vacating the judgment and remanding the case for further proceedings, we do not reach the issue of whether the findings of fact and conclusions of law were clearly erroneous.

We, therefore, remand to the superior court with instructions to order the home study of the mother-child relationship and to reconsider the decision awarding custody to the father. Because of the lapse of time since the first hearing, other evidence with regard to the best interests of the child may also be adduced.

REVERSED and REMANDED.

MATTHEWS, Justice, dissenting, joined by RABINOWITZ, Chief Justice.

I disagree with the majority opinion. In my view, the superior court did not abuse its discretion in denying appellant's motion to reopen the hearing because the additional evidence she sought to introduce was merely cumulative. Moreover, I would hold that because appellant chose not to seek a continuance of the July 5th custody hearing so that a home study could be conducted, she waived her right to a home study.

Mrs. Sanguinetti contends that the superior court abused its discretion when it denied her motion to reopen the hearing so that she could obtain and produce the results of a home study. She argues that "[r]efusal of a home study ... denied [her] the opportunity to show the current relationship of the child with his mother in her home environment through a trained social worker." However, at the custody hearing, a Mr. Newcome from the Department of Health and Social Services testified that he had interviewed Mrs. Sanguinetti several times and that she seemed to be doing well with the child. Furthermore, the master's findings indicated that appellant is a person suitable to have custody of the child. Additional information on this score would have been merely cumulative and I do not think it was needed by the master. Evidently, the superior court felt likewise and the decision was essentially one committed to its discretion. Thus, since the further evidence which appellant sought to introduce was merely cumulative, I would find no abuse of discretion in denying her motion to reopen the custody hearing.[1]

1. Many courts from other jurisdictions have held that it is not an abuse of discretion to refuse to reopen a case for introduction of evidence which is merely cumulative. *See, e.*

I would also hold that because appellant chose not to seek a continuance of the July 5th custody hearing so that a home study could be conducted, she waived her right to a home study. As noted by the majority, the standard of proof for an implied waiver was articulated in *Milne v. Anderson*, 576 P.2d 109, 112 (Alaska 1978) where we said:

> To prove an implied waiver of a legal right, there must be direct, unequivocal conduct indicating a purpose to abandon or waive the legal right, or acts amounting to an estoppel by the party whose conduct is to be construed as a waiver. [citations omitted].

576 P.2d at 112. Appellant knew that no home study evidence would be presented at the hearing, yet she decided to go ahead with the evidence she had. Proceeding with the hearing in this situation strikes me as being direct, unequivocal conduct indicating a purpose to abandon her right to the home study.

It seems to me quite unsound to allow an attorney who decides to proceed with the trial rather than seek a continuance to later reopen the trial. When appellant learned that the home study evidence would not be available for the hearing, she had a choice to make. She could either move for a continuance until the study had been conducted or she could waive her right to it. She could not wait and gamble on the outcome and then raise the question when she perceived that things had gone badly.

For these reasons I would affirm.

g., *Middlekauf v. Vinson*, 106 Cal.App.2d 204, 234 P.2d 742, 744 (Cal.App.1951); *Martinez v. Research Park, Inc.*, 75 N.M. 672, 410 P.2d 200, 207 (N.M.1965); *Tsubota v. Gunkel*, 58 Wash.2d 586, 364 P.2d 549, 552 (Wash.1961).