**Martin D. VICTOR, III and Patricia Victor, Plaintiffs,**

v.

**STATE FARM FIRE AND CASUALTY COMPANY, Defendant.**

**No. A91–518 Civil.**

United States District Court, D. Alaska.

July 31, 1992.

ORDER

SINGLETON, District Judge.

Martin D. Victor, III and his wife Patricia Victor commenced this action against State Farm Fire and Casualty Company ("State Farm") on October 3, 1991 in state superior court. State Farm removed this action to this Court.[1] This is an action on the uninsured motorist provisions of an insurance policy which Martin Victor purchased from State Farm. Martin Victor was severely injured in an accident in which an uninsured motorist, one Smith, was alleged to have been at least partly at fault. Martin Victor obtained a default judgment against Smith which the Victors hope to collect from their insurer in this action.

State Farm seeks to arbitrate the question whether the default judgment against Smith is within the scope of the coverage which it sold to the Victors, relying upon a provision of the policy which requires arbitration of disputes. The Victors argue that State Farm waived the right to demand arbitration by failing to make a timely demand for arbitration, by dilatory investigation of the claim, and by abstaining from the underlying lawsuit against Smith while the Victors incurred the cost of obtaining a default judgment against him. Under applicable Alaska law, I conclude that State Farm has not waived arbitration, that all coverage disputes are susceptible to arbitration, and that resolution of Victor's claim in tort for breach of the covenant of good faith and fair dealing must await the outcome of the arbitration.

## STATEMENT OF FACTS

The relevant facts are not in dispute. State Farm issued an automobile liability policy to the Victors which was in force on September 24, 1986. On that date, Martin Victor was involved in a motor vehicle accident with two other vehicles. All three vehicles were proceeding in the same direction along a road. The first vehicle, driven by Ronald G. Smith, was pulling a

David A. Reineke of Raymond A. Nesbett, P.C., Anchorage, Alaska, for the Victors.

Joe M. Huddleston of Hughes, Thorsness, Gantz, Powell & Brundin, Anchorage, Alaska, for State Farm.

1. *See* 28 U.S.C. § 1441. This Court has jurisdiction based upon complete diversity of citizenship with an amount in controversy in excess of $50,000. 28 U.S.C. § 1332.

trailer. The trailer apparently disconnected and lost a wheel, which came to rest in the path of Victor's vehicle. Victor slammed on his brakes to avoid collision with the detached wheel and was struck in the rear by a third vehicle driven by Norman Lichter. The Victors' vehicle did not collide with the Smith vehicle, its trailer or the trailer's detached wheel. Victor suffered severe personal injuries as a result of being struck by the Lichter vehicle. It appears that Lichter was insured but Smith was not. Victor notified State Farm of the accident and apparently made a claim under the medical payments coverage. He did not at the time claim uninsured motorist coverage.

On September 20, 1988, just before the statute of limitations for personal injuries expired, Victor sued both Lichter and Smith in state court. Lichter defended, but Victor was unable to locate Smith and eventually served him by publication. There is no evidence in the record that Smith ever had actual rather than constructive notice of the suit. With State Farm's approval, Victor settled with Lichter for $50,000. State Farm did not approve of Victor's suing Smith and informed Victor that it would not be bound by any default judgment Victor might obtain against Smith. Nevertheless, Victor mailed State Farm a number of demand letters. Eventually, a default judgment hearing was held in state court, at which Smith did not appear. A state magistrate recommended and a state superior court judge entered judgment in Victor's favor and against Smith for $321,507.53. Victor never demanded arbitration of the coverage dispute. It appears that State Farm did demand arbitration after this suit was filed, and may have suggested it in negotiations with the Victors' attorney prior to their filing suit against it.

## DISCUSSION

The policy issued to Victor provides for uninsured and underinsured coverage and has the following provision for disagreements between the carrier and the insured:

> If there is no agreement [regarding the insured's entitlement to damages from the uninsured motorist and the amount of that entitlement], these questions shall be decided by arbitration upon written request of the *insured* or us. Each party shall select a competent and impartial arbitrator. These two shall select a third one. If unable to agree on the third one within 30 days either party may request a judge of a court of record in the county in which the arbitration is pending to select a third one. The written decision of any two arbitrators shall be binding on each party.
>
> . . . .
>
> We are not bound by any judgment against any *person* or organization obtained without our written consent.

*See* Policy, Section III ("Coverage U") (emphasis in original).

The Alaska courts recognize a strong public policy in favor of arbitration.[2] *See Arctic Contractors, Inc. v. State,* 564 P.2d 30 (Alaska 1977), *appeal after remand,* 573 P.2d 1385 (Alaska 1978); *Modern Constr., Inc. v. Barce, Inc.,* 556 P.2d 528, 529 & n. 1 (Alaska 1976). Alaska has adopted the Uniform Arbitration Act. *See* A.S. § 09.43.010 *et seq.* Given this strong public policy in favor of arbitration, it would appear that State Farm's demand for arbitration would deprive this Court of subject matter jurisdiction and require both parties to arbitrate their dispute. The Victors effectively concede the general rule, but argue that State Farm has waived arbitration.

Under some circumstances, Alaska recognizes that conduct can waive a contract right to require submission of disputes to arbitration. *See International Bhd. of Teamsters v. King,* 572 P.2d 1168, 1173–74 (Alaska 1977). The term "waive" is ambiguous and can mean a number of different things. *See Milne v. Anderson,*

---

2. This is a diversity case involving an insurance policy issued in Alaska to an Alaskan resident so the law of Alaska governing the enforceability of arbitration clauses in insurance policies will apply. *Allstate Ins. Co. v. Smith,* 929 F.2d 447, 449 (9th Cir.1991).

576 P.2d 109, 112 (Alaska 1978) ("a flexible word, with no definite and rigid meaning in the law") (quoting *United States v. Chichester,* 312 F.2d 275, 281–82 (9th Cir. 1963)); *cf. Andrew v. State,* 694 P.2d 168, 172–175 (Alaska App.1985) (Singleton, J., concurring).[3]

The Alaska Supreme Court generally requires a waiver before a party will be found to have given up the right to rely on a contract provision. *Milne,* 576 P.2d at 112. This general principle applies to insurance contracts, with the Alaska Supreme Court requiring a true waiver before an insurer can be held to have waived the benefit of a policy provision. *See Estes v. Alaska Ins. Guaranty Ass'n,* 774 P.2d 1315, 1319–20 (Alaska 1989); *Hillman v. Nationwide Mut. Fire Ins. Co.,* 758 P.2d 1248, 1253–54 (Alaska 1988). A true waiver may be express or implied, and can be proved by circumstantial evidence, but the conduct showing the waiver must be clear and unambiguous. *Id.* at 1253. The conduct must be "direct, unequivocal conduct indicating a purpose to abandon or waive the legal right, or acts amounting to an estoppel...." *Milne,* 576 P.2d at 112.[4] There is no evidence, direct or circumstantial, that State Farm ever intended to give up a right to arbitration if it and the Victors could not agree on the Victors' rights under the uninsured motorist coverage in the policy. The Victors argue that the company never expressly demanded arbitration before they brought this suit. Even if true, a failure to demand arbitration is not a waiver, and cannot work a forfeiture, for Alaska does not apply a forfeiture rule to policy provisions.[5]

The Victors argue that State Farm did not answer their lawyer's letters, did not diligently investigate the case, did not negotiate a settlement in good faith, and did not intervene in the *Victor v. Smith* lawsuit. The Alaska Supreme Court recognizes that an insurer may be liable in tort to its insured if it does not act with good faith and fair dealing. *State*

---

3. On the Alaska Court of Appeals in *Andrew,* I noted the distinction between true waiver, "an intentional relinquishment or abandonment of a known right or privilege," and mere forfeiture, "the loss of a right through one of the following: (1) failure to timely assert it; (2) failure to object to its violation; or (3) actions inconsistent with its assertion...."

4. Procrastination, and violation of the covenant of good faith and fair dealing, do not work an estoppel. *See Estes,* 774 P.2d at 1319–20. In order to prevail on estoppel, the Victors would have to show that (1) a State Farm representative indicated by conduct or words that it would not insist on arbitration, and (2) the Victors relied to their detriment on this indication that arbitration would not be sought. State Farm never told the Victors that arbitration would not be sought. It merely failed to demand arbitration and failed to respond positively to the Victors' offers of settlement.

5. Alaska's strong policy in favor of arbitration, and rejection of any forfeiture rule causing an insurer's loss of the right to assert policy defenses including a right to arbitration, serve to distinguish the authorities upon which Victor relies. *Cf. Riley v. State Farm Mut. Auto. Ins. Co.,* 420 F.2d 1372, 1378–79 (6th Cir.) (Celebrezze, J., dissenting) (arguing unsuccessfully for a forfeiture rule since insurers benefit from delay, insurers are under a duty to cooperate with their insureds, and insurance policies should be interpreted against the insurer), *cert. denied,* 399 U.S.

928, 90 S.Ct. 2245, 26 L.Ed.2d 795 (1970); *Moorcroft v. First Ins. Co.,* 68 Haw. 501, 720 P.2d 178, 180 (1986) (applying forfeiture test in which the failure to make a timely assertion of the right to arbitrate constitutes a "waiver" of that right); *Andeen v. Country Mut. Ins. Co.,* 70 Ill.App.2d 357, 217 N.E.2d 814 (Ill.App.1966), *cert. denied,* 385 U.S. 1036, 87 S.Ct. 775, 17 L.Ed.2d 682 (1967) (same); 3 Long, *Law of Liability Insurance* § 24.51 (1984); *and cf.* Widiss, *The Enforceability of Arbitration Terms in Uninsured Motorist Coverages and other Form Contracts,* 66 Iowa L.Rev. 241 (1981) (arguing that enforcement of arbitration provision against an insured impossible where insurance contracts are, *ipso facto,* contracts of adhesion). Widiss' views are inconsistent with the cited Alaska Supreme Court decisions.

The enforceability of the arbitration provision under Alaska law precluded Victor from litigating his right to damages in a suit against Smith as a means of establishing State Farm's obligation to him under the uninsured motorist coverage. It also serves to distinguish cases which hold that an insurer, with notice of the insured's suit against the uninsured motorist and an unrealized opportunity to intervene to defend the uninsured motorist, will be bound by a default judgment. *See, e.g., Champion Ins. Co. v. Denney,* 555 So.2d 137 (Ala.1989); *Nationwide Mut. Ins. Co. v. Webb,* 291 Md. 721, 436 A.2d 465 (Md.1981), *on remand,* 50 Md.App. 381, 438 A.2d 933 (1982).

*Farm Mut. Auto. Ins. Co. v. Weiford,* 831 P.2d 1264 (Alaska 1992). However, bad faith does not operate as a waiver of policy terms. *See Hillman,* 758 P.2d at 1253; *Estes,* 774 P.2d at 1320 (insurer delay and procrastination does not serve to waive policy terms). In the only case in which the Alaska Supreme Court has found a waiver of the right to arbitrate, the losing party failed to raise arbitration in its answer,[6] availed itself of discovery that would be. unavailable in arbitration, delayed raising the issue of arbitration for three years, and never sought arbitration or a stay of the judicial proceedings for that purpose. *International Bhd. of Teamsters v. King,* 572 P.2d at 1174. Here, State Farm requested arbitration at least as early as this case was filed. Only a few months have elapsed, no significant discovery has been conducted and no significant prejudice is alleged. In fact, the Victors' sole claim of prejudice is the time and expense of pursuing a default judgment against Smith, but State Farm never agreed to be bound by any such judgment, and indeed warned the Victors that it refused to be bound.

What then is the appropriate remedy? In some jurisdictions, State Farm's right to arbitration would deprive this Court of subject matter jurisdiction. *See Lee v. Grandcor Medical Systems, Inc.,* 702 F.Supp. 252

(D.Colo.1988). In one case, the Alaska Supreme Court suggested that dismissal of a common law action might be appropriate if the parties had bound themselves to arbitrate. *See Modern Constr., Inc. v. Barce, Inc.,* 556 P.2d 528, 530 (Alaska 1976). More recently, however, the Alaska Supreme Court suggested that in a case such as this, a stay of judicial proceedings pending arbitration was the appropriate remedy. *See* A.S. § 09.43.020(d). *Loyal Order of Moose, Lodge 1392 v. International Fidelity Ins. Co.,* 797 P.2d 622, 629 (Alaska 1990).[7]

State Farm is the prevailing party at this stage of the proceeding, but since this action is stayed rather than dismissed, an award of attorneys fees at this juncture would be premature. *See* Local General Rule 21.1 (incorporating by reference Alaska Civil Rule 82 for diversity cases).

IT IS THEREFORE ORDERED:

That all further proceedings in this case are stayed pending an arbitration decision. *See* A.S. § 09.43.020(d).

---

**6.** In *International Bhd. of Teamsters v. King,* the court faulted the union for not pleading "arbitration and award" in its answer in conformity with Alaska Civil Rule 8(c), which is identical to Federal Rule of Civil Procedure 8(c). State Farm did not mention arbitration in its answer in this case. *See* Docket No. 4. It appears that Federal Rule of Civil Procedure 8(c) is limited to the situation where a dispute has already been arbitrated and an award has been obtained, not to situations where arbitration has not yet taken place and a party seeks to stay judicial proceedings pending arbitration. *See Lee v. Grandcor Medical Systems, Inc.,* 702 F.Supp. 252, 254 (D.Colo.1988). This also appears to be the current view of the Alaska Supreme Court with respect to Civil Rule 8(c). *See Loyal Order of Moose, Lodge 1392 v. International Fidelity Ins. Co.,* 797 P.2d 622, 629 n. 16 (Alaska 1990).

In any event, the Alaska Supreme Court has made it clear that mere failure to mention arbitration in the answer, standing alone, does not waive a right to demand arbitration. *Loyal Order of Moose,* 797 P.2d at 629 n. 16. The

totality of the circumstances in this case preclude a finding of waiver for the reasons given in the text.

**7.** The Victors' action on their bad faith claim must be stayed pending arbitration under Alaska law. *Loyal Order of Moose,* 797 P.2d at 629. A favorable arbitration result may be a condition precedent to any tort recovery. *See Deese v. State Farm Mut. Auto. Ins. Co.,* 168 Ariz. 337, 813 P.2d 318 (App.1991). The Victors' criticisms of State Farm turn on the provisions of the policy, and not any bad faith unrelated to the investigation and settlement of their claim as was the case in *Gruenberg v. Aetna Ins. Co.,* 9 Cal.3d 566, 108 Cal.Rptr. 480, 510 P.2d 1032, 1040 (1973). State Farm argues that the Victors' failure to request arbitration precludes them from claiming bad faith and recovering tort damages as a matter of law. *See Mendelson v. State Farm Mut. Auto. Ins. Co.,* 278 Or. 379, 563 P.2d 735 (1977). The Alaska Supreme Court would wish to see arbitration completed before the Court makes a final decision on the question of bad faith. *Cf. State Farm Mut. Auto. Ins. Co. v. Weiford,* 831 P.2d 1264 (Alaska 1992).