*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.gov.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| MATTHEW FISCHER, | ) | |
| | ) | Supreme Court No. S-18568 |
| Appellant, | ) | |
| | ) | Superior Court No. 3KN-19-00185 CI |
| v. | ) | |
| | ) | O P I N I O N |
| KENAI PENINSULA BOROUGH | ) | |
| SCHOOL DISTRICT, | ) | No. 7701 – May 24, 2024 |
| | ) | |
| Appellee. | ) | |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Kenai, Jennifer K. Wells, Judge.

Appearances: Matthew Fischer, pro se, Soldotna, Appellant. Kendra E. Bowman, Jermain, Dunnagan, and Owens, Anchorage, for Appellee.

Before: Maassen, Chief Justice, and Borghesan, Henderson, and Pate, Justices. [Carney, Justice, not participating.]

HENDERSON, Justice.

## I.      INTRODUCTION

A teacher was involved in a car accident caused by a third party and sustained serious injuries. The teacher was covered under his employer's (the District's) self-insured healthcare plan (the Plan). The Plan provides that the District has a right of reimbursement for medical expenses if a covered person receives a separate settlement. The District paid for the teacher's medical expenses through the

Plan. The teacher also received $500,000 in settlements from two separate insurers. Twice the teacher requested that the District waive its right to reimbursement, but the District never agreed. About two years after the teacher notified the District of his insurance settlements, the District sent the teacher a letter requesting reimbursement and later sued him for breach of contract.

The superior court granted summary judgment to the District on the issue of whether the teacher breached the contract to reimburse the District. The District then moved for summary judgment on the amount of damages, providing an affidavit from its Plan Administrator and a claims ledger. The teacher opposed the motion, providing his own affidavit and a self-created spreadsheet in support of his argument that some of the medical costs paid by the District were not associated with the accident. The court granted the District's motion for summary judgment on contract damages. The teacher appeals.

We affirm the court's summary judgment order regarding breach of contract, but we hold Fischer raised a genuine dispute of material fact regarding damages. We therefore reverse and remand the court's summary judgment order regarding contract damages.

## II. FACTS AND PROCEEDINGS
### A. Facts
#### 1. Accident and background on insurance coverage

In November 2015, Matthew J. Fischer was in a car accident and, as a result, broke his femur and suffered other injuries requiring medical treatment. A third party was responsible for the accident. At the time of the accident Fischer was employed by the Kenai Peninsula Borough School District and was insured under the District's Plan. He also had an underinsured motorist policy with State Farm.

The District's Plan is self-funded. District and employee contributions fund the benefits. The District administers the Plan through an appointed Plan Administrator and uses Rehn & Associates (Rehn) for claims processing. The Plan's

terms grant the Plan Administrator "maximum legal discretionary authority" to interpret the Plan, determine benefits eligibility, and decide disputes.

The Plan contains provisions for third-party recovery, subrogation, and reimbursement that apply when a covered person incurs medical expenses "related to injuries or illness caused by the act or omission of another person." If the covered person has claims against a third party for payment of medical expenses, "the Plan will be secondary, not primary, and the Plan will be subrogated to all rights the Covered Person may have against that other person . . . and will be entitled to Reimbursement."

If the covered person does not comply with the recovery, subrogation, and reimbursement provisions, the Plan Administrator may choose to "deny payment of any claims for benefits by the Covered Person and to deny or reduce future benefits payable." It may also bring legal action against the covered person and the covered person must "pay the Plan's attorneys' fees and costs, regardless of the action's outcome." The Plan's non-waiver clause states, "No term, condition or provision of this Plan shall be deemed to have been waived, and there shall be no estoppels against the enforcement of any provision of this Plan, except by written instrument of the party charged with such waiver or estoppels."

## 2. Payment of the medical claims and correspondence

In December 2015 Fischer emailed the District Superintendent and the Plan Administrator, "asking that the District health plan agree to 75% reimbursement" and waive the other 25%, referencing the Plan policy that states the Plan Administrator has the discretion to interpret the terms of the Plan and make changes. The Plan Administrator emailed back stating, "We're working [o]n this and will be in contact with you."

In January 2016 Fischer received a settlement from USAA, the insurer of the other driver involved in the accident, for $300,000. Subsequently, in February, Fischer signed a right of recovery form from Rehn and returned the form to them. In this form Fischer noted the USAA settlement had been paid out and shared information

regarding his policy with State Farm. Shortly after this the District paid for one of Fischer's medical claims related to his accident.

In March Fischer reached out again to the District Superintendent asking the District to waive the reimbursement clause of the Plan. The Superintendent responded that it was early in the process to consider a waiver of claims and stated, "If the [D]istrict were to consider even a partial waiver, which I have not agreed to do, we would first need complete documentation of your claimed damages and all insurance coverages that may be available to you for this accident." Later in March, Fischer signed a notarized right of recovery form provided by the District and listed the name of the third party responsible for the accident, as well as that party's insurer, USAA. The District paid additional medical claims from April through December. In October Fischer received another settlement related to the accident, in the amount of $200,000, through the underinsured motorist coverage provided under his own State Farm policy.

In May 2018 the District sent Fischer a letter requesting reimbursement of $164,111.28 for medical claims related to his motor vehicle accident. In August the District reiterated its request in a follow-up letter. Along with the letter, it attached a claims ledger and a copy of the right of recovery policy and form.

## B. Proceedings

In February 2019 the District filed its initial complaint against Fischer alleging six causes of action related to his failure to reimburse the District. The District sought recovery of the medical costs it had paid. Fischer answered by denying many of the District's claims and asserting seven affirmative defenses, including failure to mitigate damages and waiver.

### 1. Summary judgment for breach of contract

In June 2020 the District moved for summary judgment on the breach of contract claim, arguing it had established the elements of breach of contract. Fischer opposed summary judgment, arguing that the action was barred by the applicable statute of limitations and that the District failed to mitigate its damages.

In February 2022 the superior court granted summary judgment in favor of the District for the breach of contract claim. The court concluded that the action was timely and "Fischer breached the contract when he failed to immediately reimburse [t]he Plan with settlement money that he received from third-party insurance companies." The court also determined that the Plan was a self-funded employee benefit similar to the plan analyzed by this court in *Best v. Fairbanks North Star Borough*.[1] It did not consider Fischer's arguments related to mitigation of damages because the amount of damages was not at issue in that motion.

### 2. Summary judgment for contract damages

In June the District filed a motion for summary judgment related to the amount of contract damages at issue. The District argued that it paid $164,111.28 in Fischer's medical expenses and that the Plan entitled it to 100% reimbursement. It supported the motion with an exhibit that contained an August 2018 letter from the District requesting repayment, an attached claims ledger, details about the Plan's policy for reimbursement and recovery, and a right of recovery form signed by Fischer. The claims ledger is on District letterhead and contains columns for claim numbers, payment status, provider, diagnosis codes, the date the claim was incurred, the charges, what the District paid, the date of payment, and the check number.

The District also supplied an affidavit from the current Plan Administrator. The Plan Administrator explained how the Plan works as a self-insured plan. With regard to Fischer's case, the Plan Administrator stated the District never agreed to waive reimbursement, Fischer signed the right of recovery form, and "[d]espite receiving $500,000 in settlement recoveries arising out of the accident, Mr. Fischer never reimbursed" the District and thus owed $164,111.28.

---

[1] 493 P.3d 868 (Alaska 2021).

Fischer opposed the District's motion, disputing the $164,111.28 damages figure. He claimed that "[a]t most, the District paid $106,081.05 in medical expenses related to [his] 2015 motor vehicle collision." He also argued the District's recovery was limited to only "appropriate equitable relief." He submitted his own affidavit, a spreadsheet containing expenses paid by the Plan related to his car accident, a letter containing his settlement offer to the District, and a report from the District's attorney about a union issue he was involved in.

In his affidavit Fischer stated:

> The maximum amount of medical bills the Health Plan paid related to my November 2015 [motor vehicle collision (MVC)] is $106,081.05. These expenses were incurred between November 3, 2015 – April 3, 2016. Medical costs incurred on or after 4/4/2016 are unrelated to the November 2015 MVC. Costs related to the April 4, 2016 diagnosis of "left femur delayed union" and "bursitis" and are not reimbursable medical expenses related to the 11/2015 MVC and should not be included.

He also cited his spreadsheet purporting to show the total motor vehicle collision-related medical expenses the District paid. He further contended that the District filed the lawsuit for breach of contract and many other claims to "impugn [his] character and render [him] ineffective as a negotiator on the Health Care Committee for the Teacher's Union."

In September the superior court granted the District's motion for summary judgment on the amount of contract damages. The court found the District supported its damages claim of $164,111.28 "with multiple exhibits, and has maintained that this is the amount that was paid by the Plan throughout litigation." The court did not find Fischer's evidence "credible" because "[h]e included a spreadsheet that is unverifiable and appears to have been created by himself. He did not include doctor's notes, an affidavit from a healthcare provider, or any invoicing relating to the expenses he alleges

were unrelated to the car accident." The court rejected Fischer's claim about limiting recovery to equitable relief.

### 3. Motion for reconsideration, final judgment, and appeal

In October Fischer submitted a motion for reconsideration along with two attachments: a supplemental affidavit from his doctor and responses to interrogatories. The affidavit from his doctor, dated October 2022, explained that Fischer developed a nonunion[2] about six months after his accident, and that Fischer's treatment from May 2016 on addressed this nonunion. The motion for reconsideration was deemed denied after 30 days.[3]

The court entered final judgment in favor of the District, granting the District $164,111.28 in damages, along with prejudgment interest, against Fischer. Fischer appeals, arguing the trial court erred in granting the motions for summary judgment for breach of contract and damages.

## III. STANDARD OF REVIEW

Under Alaska Rule of Civil Procedure 56(c), "[j]udgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." "We review a grant of summary judgment de novo, 'affirming if the record presents no genuine issue of material fact and if the movant is entitled to judgment as a matter of

---

[2]     His doctor defined nonunion "as failure of the fracture to heal after six months."

[3]     *See* Alaska Civil Rule 77(k)(4) ("If the motion for reconsideration has not been ruled upon by the court within 30 days from the date of the filing of the motion, or within 30 days of the date of filing of a response requested by the court, whichever is later, the motion shall be taken as denied.").

law.' "**4**  "[A] material fact is one upon which resolution of an issue turns."**5**  At the summary judgment stage, trial courts must not "make trial-like credibility determinations, [nor] conduct trial-like evidence weighing."**6**

We generally decline to review an issue not presented below unless the claim raises plain error "or the issues (1) do not depend upon new facts, (2) are closely related to other arguments at trial, and (3) could have been gleaned from the pleadings."**7**  "Plain error exists where an obvious mistake has been made which creates a high likelihood that injustice has resulted."**8**

## IV.  DISCUSSION

### A.  The Court Did Not Err In Granting Summary Judgment As To Fischer's Breach Of Contract.

Fischer challenges the superior court's order granting summary judgment as to breach of contract, arguing that the District waived its right to reimbursement. Fischer claims the Plan grants the Plan Administrator discretion to waive reimbursement.  He contends the District knew about his USAA settlement in February 2016 and notes that he requested waiver of the reimbursement clause in December 2015 and March 2016.  Fischer argues that because the District paid his medical claims from February through December 2016, but did not request reimbursement until the summer of 2018, there is a genuine issue of material fact regarding whether the District impliedly waived its right to reimbursement.  He contends that where the District "long

---

**4**      *Sulzbach v. City & Borough of Sitka*, 517 P.3d 7, 13 (Alaska 2022) (quoting *Kelly v. Mun. of Anchorage*, 270 P.3d 801, 803 (Alaska 2012)).

**5**      *Christensen v. Alaska Sales & Serv., Inc.*, 335 P.3d 514, 519 (Alaska 2014).

**6**      *Id.* at 520.

**7**      *McCavit v. Lacher*, 447 P.3d 726, 731 (Alaska 2019) (quoting *Hoffman Constr. Co. of Alaska v. U.S. Fabrication & Erection, Inc.*, 32 P.3d 346, 351 (Alaska 2001)).

**8**      *Miller v. Sears*, 636 P.2d 1183, 1189 (Alaska 1981).

neglect[ed] to insist upon its right to reimbursement," it should be found to have waived that right. Fischer further notes that the District's failure to request reimbursement until the summer of 2018 "lulled" him into "us[ing] most of the settlement funds on non-traceable expenditures."

Waiver is "the intentional relinquishment of a known right."[9] It can be express or implied.[10] "Proving implied waiver of a legal right requires 'direct, unequivocal conduct indicating a purpose to abandon or waive the legal right, or acts amounting to an estoppel by the party whose conduct is to be construed as a waiver.' "[11] The presence of a non-waiver provision "supports a finding of non-waiver unless one party's 'unreasonable acquiescence' has lulled the other into inaction."[12]

As a preliminary matter, we observe that Fischer failed to preserve his implied waiver argument for appeal because he failed to adequately raise it before the superior court. Reviewing for plain error, we conclude the court properly granted summary judgment for breach of contract.[13] Here we interpret the Plan as a contract[14] and its plain language, along with the District's actions, establish that the District did

---

[9]     *Milne v. Anderson*, 576 P.2d 109, 112 (Alaska 1978).

[10]    *Creekside Ltd. P'ship v. Alaska Hous. Fin. Corp.*, 482 P.3d 377, 385 (Alaska 2021).

[11]    *Id.* (quoting *Milne*, 576 P.2d at 112).

[12]    *Duenas-Rendon v. Wells Fargo Bank, N.A.*, 354 P.3d 1037, 1042-43 (Alaska 2015) (quoting *Sengul v. CMS Franklin, Inc.*, 265 P.3d 320, 328 (Alaska 2011)).

[13]    *See Miller*, 636 P.2d at 1189.

[14]    *See Best v. Fairbanks N. Star Borough*, 493 P.3d 868, 873-74 (Alaska 2021) (deciding Borough's self-insured medical plan was technically bargained-for employee benefit and not insurance, so it should be interpreted as contract). Like the plan in *Best*, the Plan here is self-funded through District and employee contributions, it contains subrogation and reimbursement clauses, the District makes no profit from the Plan, and it is negotiated by the employee union representatives. *See id.* at 871, 873-74.

not impliedly waive its right to reimbursement. Fischer requested waiver of the reimbursement clause twice, but the District never agreed with those requests. In one email exchange, the Plan Administrator explicitly stated "I have not agreed to" a partial waiver. Although the District delayed seeking reimbursement for over two years after learning of Fischer's USAA settlement, the delay in pursuing litigation did not constitute "one party's 'unreasonable acquiescence' [that] lulled the other into inaction," particularly in light of the contract's non-waiver clause.[15] Seeing no plain error, we affirm the superior court's summary judgment order as to breach of contract.

### B. It Was Error To Grant Summary Judgment As To The Amount Of Contract Damages.

#### 1. The District did not fail to mitigate its damages.

Fischer argues the superior court erred in not considering a purported failure by the District to mitigate its damages. Fischer maintains the District could have reduced its damages if it denied Fischer and his family's benefits claims and collected its reimbursement earlier before pursuing litigation. He contends the District instead chose litigation, which he argues caused additional attorney's fees and was motivated by a desire to discredit him during a contentious union negotiation.[16]

---

[15] *See Duenas-Rendon*, 354 P.3d at 1042-43 (quoting *Sengul*, 265 P.3d at 328); *cf. Airoulofski v. State*, 922 P.2d 889, 894-95 (Alaska 1996) (concluding there was no waiver when plaintiff did not pursue litigation against municipality for period of time while it was pursuing litigation over same issues against another party because "prejudice to a party alone is not sufficient to support a waiver argument").

[16] The District argues Fischer failed to raise mitigation of damages before the superior court, but it appears that Fischer did raise the issue. He discussed mitigation of damages in his pleadings and affidavit opposing summary judgment for breach of contract. Fischer also challenged the District's method of seeking reimbursement in his affidavit opposing summary judgment on contract damages. Although disagreement with the District's chosen method of collecting reimbursement is distinct from an argument or showing that the District failed to mitigate its damages, we assume without deciding that challenging the method of reimbursement is closely related enough to mitigation of damages that Fischer preserved the argument for appeal.

"Alaska law requires that parties to a contract mitigate damages in situations of breach."[17] The nonbreaching party "must use reasonable efforts to avoid the consequences of injury done by another."[18] However, a nonbreaching party's "duty to make reasonable efforts to mitigate damages does not extend to subjecting oneself to undue risk and expense."[19]

Here Fischer has identified no genuine issue of material fact regarding whether the District mitigated its damages. Rather, Fischer challenges the method the District pursued to collect its reimbursement. He has presented no evidence that the District somehow increased the amount of damages that it suffered or that Fischer owed.[20] Pursuing recovery through litigation may certainly be costly in terms of attorney's fees. But the District's decision to request reimbursement and then pursue litigation, rather than deny coverage for Fischer's medical costs — as he advocates the District should have done — did not actually increase any amount of damages Fischer owes.[21] The superior court therefore did not err in its treatment of this issue.

---

[17] *D.H. Blattner & Sons, Inc. v. N.M. Rothschild & Sons, Ltd.*, 55 P.3d 37, 49 (Alaska 2002).

[18] *Univ. of Alaska v. Chauvin*, 521 P.2d 1234, 1239 (Alaska 1974).

[19] *Gates v. City of Tenakee Springs*, 822 P.2d 455, 460 (Alaska 1991) (citing *West v. Whitney–Fidalgo Seafoods, Inc.*, 628 P.2d 10, 18 (Alaska 1981)).

[20] *See Alaska Child.'s Servs., Inc. v. Smart*, 677 P.2d 899, 902-03 (Alaska 1984) ("[T]he burden of proving mitigation or failure to mitigate falls on the breaching party." (citing *West*, 628 P.2d at 18; *Chauvin*, 521 P.2d at 1240)).

[21] Attorney's fees are part of the costs of litigation and are separate from the damages related to a party's substantive claims. See *Ehredt v. DeHavilland Aircraft Co. of Canada*, 705 P.2d 446, 452 n.8 (Alaska 1985) ("[A]ttorney's fees are not an item of damage.").

**2.    Fischer raised a genuine issue of material fact regarding contract damages.**

Although Fischer's mitigation of damages argument fails, we conclude that he has nonetheless raised a genuine issue of material fact related to the amount of damages attributable to his breach of contract. Under the Plan the covered person must reimburse the District when the covered person incurs medical expenses "related to injuries or illness caused by" a third party, the District pays for these medical expenses, and the covered person recovers medical expenses from the third party. Fischer points to the parties' opposing accounts of, and affidavits regarding, his accident-related medical costs, and argues the trial court engaged in impermissible weighing of evidence when it granted summary judgment as to the amount of contract damages he owed. He notes that the District supported its summary judgment motion with a claims ledger prepared by Rehn listing its claim of $164,111.28. Although this ledger was accompanied by the Plan Administrator's affidavit, he contends this ledger was not supported by any evidence from medical providers to connect the claims in the ledger to Fischer's injuries from the motor vehicle accident. On the other hand Fischer claims he supported his opposition to the summary judgment motion with his own affidavit and a spreadsheet referenced in his affidavit. He asserts his affidavit and spreadsheet dispute the District's assertion that it accrued $164,111.28 in contract damages and support his claim that only some of the damages claimed by the District were for medical costs related to the car accident. In particular, he argues that the expenses incurred on or after April 4, 2016 were unrelated to the car accident and therefore should not be included in the contract damages owed.

The District responds that the superior court properly found Fischer did not provide sufficient evidence to rebut its evidence because Fischer's "naked assertion" in his affidavit was not enough to create a genuine issue of material fact. It also maintains that its summary judgment motion was supported by sufficient evidence

because the claims were detailed in a ledger and the Plan Administrator's affidavit adequately supported the $164,111.28 figure.

We conclude the court erred in granting the motion for summary judgment because a "reasonable person could discern a genuine factual dispute on a material issue."[22] Here the parties presented two opposing spreadsheets supported by two opposing affidavits. Fischer provided a spreadsheet of claims and an affidavit explaining that he only included the claims before April 4, 2016 because those claims related to the November 2015 motor vehicle collision and those after April 4, 2016 were due to an unrelated injury. To the extent that the existence of a separate injury and the relatedness of certain treatment to the car accident were issues that a layperson such as Fischer could testify about, his affidavit and spreadsheet raised an issue of material fact.[23] And to the extent expert testimony was necessary to explain the relatedness — or lack thereof — of certain treatment and damages to the car accident at issue, the District also failed to provide such evidence in support of its damages figure, and thus failed to establish its entitlement to judgment. The affidavit from the Plan Administrator did not address how the District determined that certain medical treatment and related claims for medical costs were connected to the accident, and the Plan Administrator lacked personal knowledge of the treatment provided to Fischer and what that treatment did or did not relate to.[24] Because the evidence before the superior

---

[22] *See Christensen v. Alaska Sales & Serv., Inc.*, 335 P.3d 514, 520 (Alaska 2014).

[23] *Cf. Hoendermis v. Advanced Physical Therapy, Inc.*, 251 P.3d 346, 352-54 (Alaska 2011) (concluding there was genuine dispute of material fact because each party provided sworn factual assertions for each required element and determining issue would require "weighing the credibility and persuasive strength of the parties' witnesses and evidence").

[24] *See Walton v. Ramos Aasand & Co.*, 963 P.2d 1042, 1043-45 (Alaska 1998) (affirming grant of summary judgment to moving party because moving party

court at the summary judgment stage created a genuine issue of material fact about what treatment and medical costs were associated with the accident, and thus what contract damages the District was entitled to, it was an error to grant summary judgment on that issue.[25]

## V.    CONCLUSION

We AFFIRM the superior court's order granting summary judgment as to Fischer's breach of contract.   We REVERSE the court's separate order granting summary judgment as to the amount of contract damages the District is entitled to, and REMAND for proceedings consistent with this opinion.

---

provided explanations of billing process and work performed along with invoices and affidavit from person who performed work, and nonmoving party presented his own testimony and conclusory assertions).

[25]    *See Wilson v. Pollet*, 416 P.2d 381, 384 (Alaska 1966) (holding when considering motion for summary judgment if there is contradicting evidence "the court should not attempt to resolve any genuine issue as to credibility").   Fischer also argues that the court erred in denying his motion for reconsideration; because we reverse and remand the summary judgment order on contract damages, we do not address Fischer's claims related to reconsideration.